(16 App. Div. 42.)

### DODIN v. DODIN.

(Supreme Court, Appellate Division, Second Department. April 13, 1897.)

1. ADOPTION—RIGHT OF ADOPTED CHILD TO INHERIT.
    Laws 1887, c. 703, which amends Laws 1873, c. 830, so as to confer the right of inheritance on adopted children, applies to children theretofore adopted under the act of 1873.
2. RETROSPECTIVE LAWS—EXTENDING RIGHT OF INHERITANCE.
    Laws 1887, c. 703, conferring on adopted children the right to inherit, which they did not theretofore possess, is not retrospective, as it does not affect any existing right or obligation.

Appeal from special term, New York county.
Transferred from First department.
Action by Mary J. Dodin against Alexander J. Dodin and another to recover dower in certain real estate in the city of New York. From so much of an interlocutory judgment as determined that defendants

were the heirs at law of Mansuy P. Dodin, plaintiff's deceased husband, and, as such, were seised in fee in equal shares as tenants in common of the real estate described in the complaint, subject to plaintiff's right of dower therein (40 N. Y. Supp. 748), defendant Alexander J. Dodin appeals.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George H. Yeaman, for appellant.

James P. Campbell, for respondent.

BRADLEY, J.   The plaintiff's right to dower for which the action was brought is not questioned.   She is the widow of Mansuy P. Dodin, deceased.   Alexander J. Dodin, the appellant, was his son by a former wife.   The defendant Josephine Dodin was an adopted daughter of the decedent.  As the widow's dower could not be set off in parcel, it became necessary to determine who would be entitled to the proceeds of the sale after deducting her dower, for which she filed her consent to accept a sum in gross.   The son contests the right of the adopted daughter to take as heir of the father. She was adopted by him in the year 1886, pursuant to the provisions of the statute which provided that:

"A child, when adopted, shall take the name of the person adopting, and the two thenceforth shall sustain toward each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation, excepting the right of inheritance, except that as respects the passing and limitations over of real and personal property, under and by deeds, conveyances, wills, devises and trusts said child adopted shall not be deemed to sustain the legal relation of child to the person so adopting." Laws 1873, c. 830, § 10.

The statute so remained until in the year 1887, when that section, unaltered down to the first exception, was so amended as to exclude that exception, and so as thence to read as follows, to wit:

"Including the right of inheritance, and the heirs and next of kin of the child so adopted shall be the same as if the said child was the legitimate child of the person so adopting, except that as respects the passing and limitation over of real and personal property, under and by deeds, conveyances, wills, devises and trusts, dependent upon the person adopting dying without heirs, said child adopted shall not be deemed to sustain the legal relation of child to the person so adopting so as to defeat the rights of remaindermen and in case of the death of the person so adopted the person so adopting as above provided shall for the purpose of inheritance, sustain the same relation of parent to the person so adopted." Laws 1887, c. 703.

In April, 1895, Mansuy P. Dodin died, leaving a will, which was made in March, 1891, and admitted to probate in May, 1895, whereby he gave Alexander J. Dodin $20,000, and, after giving some legacies to others, he gave to his wife and Patrick C. Davey $15,000 in trust, to be invested at interest, and apply the income, or so much of it as shall be necessary and convenient—

"To the support, maintenance, and education of my adopted daughter, called Josephine Dodin, during her minority, and, on her becoming of legal age, then this trust to become at an end, and the body and accretions of said trust to become her sole property absolutely; and, should she die before attaining the said age of twenty-one years, then and in that case the body and accumulations of this trust shall be as of the remainder of my estate."

Later in the will is the provision:

"Seventh. And the remainder of my estate, real, personal, and equitable, not hereinbefore devised and bequeathed, of which I die possessed or entitled to, I hereby direct to descend and be distributed according to the laws of the state of New York."

It is not important to inquire whether Dodin may be deemed to have died testate or intestate as to the residue of his estate, since it was to descend and be distributed according to the laws of the state of New York. Such was his testamentary direction without qualification, and it must be assumed that he intended to submit the disposition of his residuary estate to the laws of descent and distribution, which provided that the real estate of a person dying without devising the same should descend to his lineal descendants, and, if of equal degree, the inheritance should descend in equal parts. 1 Rev. St. p. 751, §§ 1, 2.

The only question requiring consideration is whether Josephine had the right of inheritance as heir of her adopting parent. The right was denied to an adopted child by the act of 1873, and, as the law was at the time of her adoption, she had no capacity arising from that relation to inherit. The right or rather capacity of inheritance was granted by the act of 1887 to adopted children coming within its provisions. It is urged on the part of the appellant that this cannot be made applicable to the relation of Josephine in that respect without giving to them a retroactive effect. If that is so, it is clear that she can take no aid from the act of 1887. While the provisions of the former act remaining unchanged are deemed continued, the amendments included in the later act are such only from the time of their adoption. Ely v. Holton, 15 N. Y. 595. And an amendatory statute has no retroactive effect unless such appears to have been the legislative intent. No such purpose appears in the amendatory provisions of the act of 1887. They therefore can have prospective application only. Estate of Miller, 110 N. Y. 216, 18 N. E. 139. If the adopting parent had died before such amendments to the tenth section of the act of 1873 were made, it is clear that, within that rule, they could not have been applicable to the relation of Josephine as an adopted child. But that relation was created pursuant to such prior act, and existed when the amendments to it by the later act were adopted. They did not make her any more the adopted child of Dodin than she became and was on her adoption the year before, but merely gave her, as such adopted child, the capacity to inherit. This was a mere right, dependent upon future conditions which should permit it, essential to which were the death of Dodin without devising his estate, and her survival of him; and, further, that the law of descent should not be so altered before his death as to deny the right of inheritance to the children of a decedent who should die intestate. Although it is not likely that the latter contingency will ever become the consequence of law in this country, such right of inheritance is dependent and rests upon positive law, which it is within the lawmaking power to change to the disadvantage of lineal descendants and any other class of relatives. 1 Bl. Comm. 448.

No right of inheritance before the death of an intestate arises from any relations existing between him and another. But those who at the time of his death come within the description of persons entitled by law to inheritance, and those only, take the relation of inheritors to his estate. The death is the event, and the conditions then existing are solely the subject of consideration in determining the right of inheritance and distribution of the estate of an intestate. While the appellant had capacity to inherit, if the event should occur to permit him to do so, he had no right whatever in that respect during the life of his father. No past or present rights of his were in any sense interfered with by granting to Josephine the right of inheritance in his father's estate at his death in case the conditions were such as to permit inheritance. As his death followed the legislative grant of her capacity to inherit, the application of such provision of the amendatory act to the situation was prospective, and therefore effectual to invest her with such right on the death of Mr. Dodin, unless some further reason exists to exclude her. It is, however, urged by the learned counsel for the appellant that there was an element of contract in the act of adoption, and that the denial to her of the right of inheritance may have entered into the reason for his consent to the adoption, and therefore the amendment of 1887 cannot be treated as applicable to Josephine. The difficulty with that proposition is that it assumes that some rights of the testator may have been curtailed or in some manner affected, or that some duty, obligation, or burden on his part may have been added or increased, by permitting the amendatory provision to endow her with capacity to inherit. There is no support for any such view. No right of the adopting parent would, as the consequence, be in any sense or in the least affected. There is nothing in the amendatory provision the observance of which would require the adopting parent to part with anything for the benefit of the child, or that would impose upon him any duty not before existing. As before observed, the adoption pursuant to the act of 1873 created the relation of parent and child. This was declared in that statute by the words "and the two thenceforth shall sustain the relation of parent and child"; and such has since continued to be an operative provision of the statute. This being the existing relation between them, the status of the child in respect to her inheritable capacity was distinct from and independent of the act of adoption, and was subject to legislative control. The endowing her with the former by a later statute had no effect upon the act of adoption. It merely modified the law of descent as applied to children before then adopted, as well as those who should thereafter be placed in that relation.

As was well said by Mr. Justice Beekman in his opinion at special term:

"The amendment of 1887 was, in effect, a modification of the statute of descents, giving to the word 'children,' as used in that statute, a meaning which includes adopted as well as children of the blood of the deceased. * * * The effect and operation of the act in question, then, is prospective, not retrospective. It simply adds adopted children to the list of those who shall be capable of inheriting if at the time the descent is cast they are within that description."

There can be no question about the legislative power to capacitate an adopted child for inheritance in the future, although such capacity was not derived from the act of adoption. That is a quality given by law, and as to which the parent has no legal concern, since it relates to property of which he has made no disposition by will or otherwise. And, as with his death his title is relinquished, the property is subject to the rights devolved on others by law. They take nothing from him. Such is the right, then, of inheritance, the capacity for which has before existed by operation of law. It would therefore seem necessarily to follow that the statutory creation of such capacity at any time before the death of the ancestor or parent cannot be said to be retroactive in its operation or effect.

None of the cases cited by the learned counsel for the appellant are in principle inconsistent with the views above expressed. In Wyeth v. Stone, 144 Mass. 441, 11 N. E. 729, it was held that a child adopted by the widow of the testator did not come within the contemplation of the provision of his will devising the remainder of his estate to her heirs. And Reinders v. Koppelman, 94 Mo. 338, 7 S. W. 288, was to the same effect. There the testator gave the use of his estate to his wife during life, then one-half of it to "the nearest lawful heirs" of himself and wife. It was held that a son adopted by the widow did not come within the meaning of such residuary beneficiaries. In Russell v. Russell, 84 Ala. 48, 3 South. 900, the testator, after making his will, adopted a child. It was held that, by reason of the language of the statute, the right of the adopted child was limited to inheritance, and therefore he could not take under the testamentary gift of property to the children of the testator. In Jenkins v. Jenkins, 64 N. H. 407, 14 Atl. 557, the testator gave to one of his sons the residue of his estate for life, and, if the son should die leaving no issue, it should go to another person referred to. After the death of the testator, an act was passed providing for the adoption of children, pursuant to which the son adopted a child, and afterwards died. Held, that the adopted child did not constitute issue of the son, within the meaning of the will, and that the residuary devisee had a contingently vested estate in the property at the time the statutory power to adopt the child was created. The doctrine of the cases of Schafer v. Eneu, 54 Pa. St. 304, and Ballard v. Ward, 89 Pa. St. 358, was similar, and substantially to the same effect. In all those cases the adoption of the children took place after the death of the ancestors and testators, save in the one case which was disposed of upon the construction of the language of the statute. The view here taken is that the provision of the act of 1887 conferring upon adopted children the capacity as such to inherit was, in its application to those adopted under the act of 1873 by adopting parents living at the time such amendatory act took effect, prospective, and therefore the right of inheritance in Josephine, resulting from such capacity, became operative on the decease of her adopting parent, the conditions then being such as to permit it.

The interlocutory judgment should therefore be affirmed.

GOODRICH, P. J., and BARTLETT and HATCH, JJ., concur.

CULLEN, J. I concur with Mr. Justice BRADLEY in his view that the amendment of 1887 to the statute of 1873, relative to adoption, conferred on the defendant Josephine Dodin the right to inherit from her adopting father, though her adoption was prior to the enactment of the amendment. I am strongly of the opinion, however, that the testator never intended that his adopted child should share in his residuary estate. In the second clause of his will he refers to his son, the defendant Alexander, as his "son and only child." By the fifth clause of his will he directs the creation of a fund of $15,000, the income to be applied to his "adopted daughter, called Josephine Dodin, during her minority," the fund to go to her on her attaining majority, and, in case of her death before that time, to fall into his residuary estate. This provision is hardly consistent with an intention that the adopted daughter should share in that residuary estate. While the law made the defendant Josephine a legal child of the deceased, the test is not what her status was at law, but how she is treated in the nomenclature or vocabulary of the testator. Gelston v. Shields, 16 Hun, 143, 78 N. Y. 275. But this view does not aid the appellant. He concedes, and, in fact, asserts as an argument in his favor, the well-known principle that, to exclude the heir at law, "mere negative words will not suffice; there must be an actual disposition of the estate to some other person." He forgets, however, that, if our view of the construction of the statute is correct, the adopted daughter was as much an heir at law of the testator as if she had sprung from his loins, and that the same rule that favors the son equally favors the daughter, and forbids her exclusion from her patrimony. If the gift of the residuary estate had been to the testator's wife and child, we might well hold that the only child contemplated by the testator was his natural son. But the direction is that the remainder shall descend and be distributed according to the laws of the state of New York. As, under those laws, the adopted daughter is entitled to an inheritance, this is a devise to her, though, as already stated, my fear is that the testator did not intend this disposition of his estate. The difficulty has proceeded from his ignorance of the statutory law on the subject of descents, an ignorance which we cannot remedy by making a new will for him.