KEMP v. NEW YORK PRODUCE EXCHANGE.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

1. BENEFICIAL ASSOCIATIONS—RIGHT TO BENEFITS—ADOPTED CHILDREN.
   Under Laws 1882, c. 36, authorizing a corporation to create a gratuity fund, to be paid, on the death of a member, to his widow, children, next of kin, or other person dependent on him, in the manner prescribed by its by-laws, an adopted child of a member cannot claim by right of succession, but only under the by-laws.

2. SAME—NEXT OF KIN.
   Under Laws 1887, c. 703, which conferred on adopted children the right of inheritance, an adopted child, under the by-laws of a corporation, providing that, in the absence of widow and children, a gratuity fund shall be paid to the next of kin of the deceased member, within the limit of representation prescribed by the statutes, even if not a child within the by-laws, is entitled to the fund as next of kin.

3. SAME—BY-LAWS—STATUTES.
   A by-law of a corporation, providing that, in the absence of widow and children, a gratuity fund shall be paid to the next of kin of the deceased member, within the limit of representation prescribed by the statutes, contemplates payment to persons who shall be next of kin as prescribed by the statutes in existence at the time of the member's decease, though they were not under the statutes in existence at the time of the enactment of the by-law.

4. SAME—FRAUD ON CORPORATION.
   Where a by-law of a corporation provided that, in the absence of a widow and children, a certain gratuity fund should be paid to the next of kin of a member on his death, the fact that a member adopted a child for the purpose of having it share in such fund is no fraud on the corporation.

Controversy between Lily Kemp and the New York Produce Exchange, submitted to the appellate court on an agreed statement of facts. Judgment for plaintiff.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

C. Godfrey Patterson, for plaintiff.
Baldwin & Blackmar, for defendant.

CULLEN, J. The defendant, a domestic corporation, was by chapter 36 of the Laws of 1882 empowered to assess such of its then present members as might agree thereto, and all members who joined thereafter, a sum, to constitute a fund to be paid, upon the death of any member, to his widow, children, next of kin, or other persons dependent upon him, in such manner as the by-laws of the defendant might prescribe. Under this authority the defendant constituted a gratuity fund, raised by assessment on the members as-

senting to and participating in the scheme. Henry Kemp was at this time a member of the defendant, and became a participant in this plan. The by-laws of the defendant made the following provision for the payment of the fund upon the death of any member:

"Should a member die, leaving a widow, but no children, then the whole sum shall be paid to such widow, for her own use. Should a member die, leaving a widow and children, then one-half shall be paid to the widow, for her own separate use, and one-half to his children; or if he leave children, and no widow, then the whole sum shall be paid to the children, for their use, share and share alike. * * * Should the member die, leaving neither widow nor children, then the whole sum shall be paid to the next of kin of the deceased, within the limit of representation prescribed by the statutes of the state of New York; and, if there be none such, then the same shall be applied in such manner and to such purposes as may be prescribed in the rules of the New York Produce Exchange."

Henry Kemp died on the 16th of May, 1898, leaving no widow, children, or more remote issue, and without next of kin, except the plaintiff, who was adopted by him as a child, under the laws of this state. The controversy is as to whether, under the terms of the by-laws, the plaintiff, as such adopted child, is entitled to the fund payable on the death of Henry Kemp. The defendant is right in its contention that the plaintiff cannot claim through Henry Kemp by succession, but directly of the defendant, under its by-laws, and that the question is the proper construction of those by-laws. Hellenberg v. District No. 1, 94 N. Y. 580. It may also be conceded that the plaintiff is not a "child" of the deceased member, in the strict sense of that term, which refers to the physical procreation of the child, and not the legal rights that may have been afterwards conferred upon her by agreement of parties, or acts of the legislature. So it has been said, "Adopted children are not children of the persons by whom they have been adopted, and the act of assembly does not attempt the impossibility of making them such" (Schafer v. Eneu, 54 Pa. St. 304), and "Giving an adopted son a right to inherit does not make him a son in fact" (Com. v. Nancrede, 32 Pa. St. 389). But this principle is not decisive of the question involved here. The question is not, what is the strict, accurate meaning of the word "child"? but, in what sense was it used in the by-laws? Already, at the time of the passage of the act empowering the defendant to create its gratuity fund, and of the enactment of the defendant's by-laws in pursuance of such authority, adoption of children was authorized by the laws of this state. By chapter 830, § 10, of the Laws of 1873, it was enacted that a child adopted under the provisions of that act, and the person adopting him, should thenceforth "sustain toward each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation, excepting the right of inheritance." The statute of 1882 authorizes the payment from the gratuity fund to the widow, children, next of kin, or other persons dependent on the deceased member. The by-laws state that the object of the gratuity fund is to provide for the families of members. As the law stood at this time, an adopted child was a member of the family of his adopter, and a dependent. Though he was not entitled to inherit from the

adopting parent, still such parent could, in a proper case, be compelled to support the child, the same as a natural child. It seems to us that, even under the then existing condition of the law, the case of an adopted child fell within the terms of the by-laws, and it was entitled to share in the death fund. In 1887, however, the statute as to adoption was amended so as to give the adopted child the right of inheritance. The effect of this amendment was to modify the statutes of distribution and descent. Dodin v. Dodin, 16 App. Div. 42, 44 N. Y. Supp. 800. From this time the adopted child had the same rights as a natural child, except as to limitations in deeds or wills conditioned on the death of the adopting parent without issue.

The by-laws provide that in the absence of widow and children the fund shall be paid to the next of kin of the deceased, within the limit of representation prescribed by the statutes of the state of New York. Even if the plaintiff be not considered a child of the deceased member, within the meaning of the by-laws, she certainly is entitled to the fund as his only next of kin, within the statute of distributions. Against this it may be urged that the rights of the parties were fixed by the enactment of the by-laws in 1882, and that it is only persons who would have been next of kin in the state of New York under the law as it then stood that are entitled to the fund. We think not. The provision that the sum shall be paid to the next of kin of the deceased, as prescribed by the statutes of the state of New York, is to be construed as meaning the statutes of the state as they may exist at the time of the member's decease. This case is not analogous to that of the rights of a party under a deed of settlement or a will. There, on the death of the testator or the delivery of the deed, the rights of the remainder-men would vest, and those rights could not be devested by subsequent legislation. Though, even in such case, if the will or deed showed an intent that the distribution should be governed by the laws that might exist at some future time provided for the distribution of the fund, effect would unquestionably be given to it. In Sewall v. Roberts, 115 Mass. 262, the owner of property settled it in trust for the settlor during life, and upon his death for the use of his child or children, and, in case of his death without issue, then to others. The settlor of the trust died without issue, but, subsequent to the creation of the trust, adopted a child. It was held that the adopted child took the trust estate. It was there said, speaking of the settlor of the trust:

"His general intention was that the property should go in the first instance to his children, as a class. Whoever at his death fell within this class was within this general intention, and, as his adopted daughter is by law his child, she belongs to the class intended to take, and her rights cannot be defeated upon the assumption that he did not intend her to take."

The plan or scheme of the defendant's gratuity fund was permanent. It was entered into, not only by persons who were members at the time the plan was formulated, but all subsequent members of the exchange became parties to it. It is not to be supposed that the rights of the families of persons subsequently becoming

members were to be governed by the law of distribution in case of intestacy as it stood many years before the members joined the exchange. The very permanence of the plan necessarily contemplates that the distribution was to be made according to the law of the state as it might stand at the time the fund became payable. In this view, there were no vested rights in this fund to be disturbed by subsequent legislation. The by-laws provide, in express terms, that nothing therein contained shall be construed as constituting any interest which can be mortgaged or pledged for the payment of any debt. Equally, it was incapable of assignment. It was the intention to create provision for the family of the deceased member, which should be beyond the hazard of loss from pecuniary misfortune. But a member might have no immediate family, nor any one dependent upon him. As he was compelled to contribute his assessment upon the death of any other member, it was right that he should, though not personally, at least through representation, reap some benefit from the fund on his own demise. It could not be made payable to his estate, for then it would be liable for his debts,—the very thing which the plan was devised to avoid. It was therefore made payable, in case of the lack of immediate family, to his next of kin, who might be so remote as to have neither legal nor moral claim upon the deceased for support, though not unnaturally the subject of his bounty upon his death. It seems to us that it would be most unreasonable to construe this by-law as excluding an adopted child, while including a remote relative of the blood. It is said that the deceased adopted the plaintiff for the very purpose of enabling her to obtain this fund, and such is the fact. If the mortuary payment was to be made only to persons who might naturally be supposed to be dependent upon the deceased, and in case of the absence of such persons the amount was to be retained by the defendant, it might with some reason be urged that the adoption of the plaintiff by the deceased was a fraud upon the defendant's rights. But as the by-laws provided for payment to the next of kin, however remote, we cannot see how the exchange is interested in the question of whether it should be paid to one rather than to another.

It is possible that the by-laws may be subject to another construction than the one I have placed on them,—that is to say, that next of kin more remote than brothers' and sisters' children are not in any event to share in the mortuary payment,—because, by the law as it existed in 1882 (section 2732, Code Civ. Proc.), no representation among collaterals beyond such relatives was admitted. This construction is not suggested by the counsel, and I think it is not the correct one. The provision of the by-laws as to representation is intended, in my opinion, only to make the distribution of the fund follow the same rule which under the statutes of this state governed the distribution of the personal property of the deceased member in case of his intestacy,—that there should be no right of representation beyond nephews and nieces, but that, in the absence of next of kin within that degree of consanguinity, the nearest next of kin, however remote, should take. But, if I err in

this view, the only result of the error would be to weaken the argument as to the alleged fraud on defendant's rights by the adoption of the plaintiff. It would not affect the discussion of the main proposition.

There should be judgment for the plaintiff on submitted case, with costs. All concur.