ZOE THEOBALD, Appellant, *v.* CATHERINE SMITH and Others, Respondents.

*A child, adopted under the act denying it the right of inheritance, acquires such right under chapter 703 of the Laws of 1887.*

Where, intermediate the adoption of a child under chapter 830 of the Laws of 1873, which provided that the adopted child should not have the right of inheritance, and the death of the adopted parent, the Legislature, by chapter 703 of the Laws of 1887, amended the act of 1873 by conferring the right of inheritance on the adopted child, such adopted child is entitled to take by inheritance from her adopted parent, as the right of inheritance is determinable as of the time of the death of the intestate.

VAN BRUNT, P. J., dissented.

APPEAL by the plaintiff, Zoe Theobald, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 23d day of February, 1904, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the plaintiff's complaint upon the merits.

*John T. Canavan*, for the appellant.

*Benjamin Steinhardt*, for the respondents.

PATTERSON, J.:

The plaintiff, a sister of Abby E. Allen, deceased, claims that she and the defendants Catherine Smith and Frances Glover, also sisters of the decedent, are the only heirs at law of such decedent, who died in 1903, intestate, seized of certain land in the city of New York and of other land in the county of Suffolk in the State of New York, and she seeks partition of such premises. It is alleged in the complaint that the defendant Minnie T. Allen, sued as Minnie Ostheim, claims some interest in the premises and that defendant set up in her answer that she was entitled to the premises by reason of her having been adopted by the said Abby E. Allen and her husband, Theodore Allen, by formal proceedings had in the Court of Common Pleas of the city of New York on the 18th of May, 1886. The cause was tried at the Special Term and judgment was

rendered for the defendants dismissing the complaint. The court found that the defendant Minnie T. Allen is alone entitled to the estate by reason of her adoption as a child by the decedent. The other defendants make no contest. The proofs respecting the adoption of the defendant sued as Minnie Ostheim were introduced and there was no other evidence in the case as to the title of the premises sought to be partitioned, it having been admitted that the plaintiff and the defendants Catherine Smith and Frances Glover were the sisters of the decedent. The order of adoption was made at the Special Term of the Court of Common Pleas on the 18th of May, 1886, upon a petition of Theodore Allen and Abby E. Allen, in which it was set forth that Kitty M. Ostheim, a child of five years, was a granddaughter of the petitioner Theodore Allen; that the petitioners desired to adopt their grandchild as their own child, whereupon the order was made. There can be no question of the sufficiency and effectiveness of the order of adoption.

At that time the act regulating the adoption of children was chapter 830 of the Laws of 1873. By its provisions the relationship established between the adopted child and those who assumed the relation of parents imposed upon the parties all the rights and duties of parent and child, " excepting the right of inheritance, except that as respects the passing and limitations over of real and personal property under and by deeds, conveyances, wills, devises and trusts, said child adopted shall not be deemed to sustain the legal relation of child to the person so adopting." By chapter 703 of the Laws of 1887 the act of 1873 was amended, and it was enacted that a child when adopted shall have the rights and be subjected to all the duties of the relation of child, including the right of inheritance. The respondent Minnie Ostheim here contends that the act of 1887 is applicable to her situation, and that her rights under it are the same as if she were the actual child of the persons who adopted her. The court below dismissed the complaint on the merits, and, therefore, sustained that contention. That decision was correct.

The question is as to the effect of the act of 1887 upon the status of the defendant Minnie Ostheim. She was adopted by proceedings authorized by law, and sufficient in themselves to constitute a new relation between her grandparents and herself. There was a

FIRST DEPARTMENT, APRIL, 1905. [Vol. 103.

disability connected with that relation at the time it was established. She became the child of her adopting parents for all purposes except that of inheritance. In other words, she was not clothed with the right of inheriting in case of intestacy, but a year after her adoption the Legislature passed a law by which, if it did not remove a disability, it established a new rule of inheritance by including adopted children within the class entitled to inherit on the death of an intes-tate. The right of inheritance is determinable at the time of the death of the intestate. As said by BRADLEY, J., in *Dodin* v. *Dodin* (16 App. Div. 45; affd., 162 N. Y. 635): "No right of inheritance before the death of an intestate arises from any relations existing between him and another. But those who, at the time of his death, come within the description of persons entitled by law to inherit-ance, and those only, take the relation of inheritors to his estate. The death is the event, and the conditions then existing are solely the subject of consideration in determining the right of inheritance and distribution of the estate of an intestate." If Mrs. Allen had died before the act of 1887 went into effect, doubtless the defendant Minnie Ostheim could not have taken any interest in her estate, but the right to inherit existed when Mrs. Allen died.

The judgment should be affirmed, with costs.

INGRAHAM and LAUGHLIN, JJ., concurred; McLAUGHLIN, J., concurred in result; VAN BRUNT, P. J., dissented.

VAN BRUNT, P. J. (dissenting):

I dissent. When the child was adopted it was intended only to clothe such adopted child with the rights the statute gave at that time. They cannot be enlarged subsequently by statute against the will of the person adopting, thus extending the rights acquired by the adoption in a manner never contemplated.

Judgment affirmed, with costs.