## KAREN SORENSON v. JENS MADSEN RASMUSSEN and Another.[1]

May 12, 1911.

Nos. 17,123—(200).

**Heirship of adopted child.**

Section 3616, R. L. 1905, providing that an adopted child "shall inherit from his adopting parents or their relatives the same as though he were the legitimate child of such parents," applies to all adopted children, whether adopted prior or subsequent to the passage of such statute.

**Construction of statute — intent.**

This construction of the statute is made necessary, because it carries out the obvious intent of the legislature to abolish the differences as to heirship theretofore existing between natural and adopted children.

**Statute acts prospectively.**

The statute regulates the heirship of adopted children, and acts prospectively upon rights accruing through the death of adoptive parents after the passage of the law.

R. S. Rasmussen, a brother of deceased, petitioned the probate court for Lincoln county to appoint N. S. Kruse administrator of the estate of Hein Rasmussen, deceased. Jens Madsen Rasmussen petitioned the court, as one of the heirs of decedent, and prayed for the appointment of Thomas Hansen as administrator. The court appointed the last named administrator. Karen Sorenson appealed from the order of appointment to the district court for Lincoln county. The appeal was heard upon the return and stipulated facts by Olsen, J., who made findings and affirmed the order of the probate court. From the judgment entered pursuant to the order for judgment, Karen Sorenson appealed. Affirmed.

*Thomas E. Davis, Ernest A. Michel* and *John I. Davis,* for appellant.

*Louis P. Johnson* and *Bogue & Bogue,* for respondents.

[1]Reported in 131 N. W. 325.

[Note] Legal status of adopted child, see note in 17 L.R.A. 435.

SIMPSON, J.

This is an appeal from a judgment of the district court, affirming an order of the probate court appointing an administrator. Hein Rasmussen died intestate, leaving surviving him neither wife nor issue. Application was made on behalf of his surviving parent, his mother, for letters of administration. One of two children adopted by Hein Rasmussen and his wife during their life opposed this application, on the ground that the adopted children were the only heirs at law of the deceased. The probate court denied the application made on behalf of the mother for letters of administration, and appointed as administrator the person named by the adopted son.

On this appeal the sole point raised and involved is the right of the adopted children to take the estate of Hein Rasmussen as heirs at law. The decision of the question so raised depends upon the construction of section 3616, R. L. 1905, defining the status of adopted children with reference to descent of property. If that section applies to all adopted children, whether adopted prior or subsequent to the Revision of 1905, then these adopted children are now the lawful heirs of Hein Rasmussen, deceased—otherwise not.

A reference to the nature and effect of the earlier laws is necessary for the proper determination of the scope and meaning of the present statute.

Chapter 91, p. 107, Laws 1876, provided for the adoption of children and contained the following provision as to the status of such child when adopted: "A child so adopted as aforesaid shall be deemed, as respects all legal consequences and incidents of the natural relation of parent and child, the child of such parent or parents by adoption, the same as if he had been born to them in lawful wedlock; except that such adoption shall not, in itself, constitute such child the heir of such parent or parents by adoption." Section 6.

Chapter 96, p. 166, Laws 1891, amended this statute by adding to it the following: "Provided, that upon the request of any person adopting a child, the court may decree that the child so adopted shall be the heir of said person, and in that case said child shall inherit from said parent in the same manner in all respects as if

born to said parent in lawful wedlock. In cases of adoption heretofore, where it is provided in the decree that the child shall be the heir of the parent adopting, said decree is declared to be valid and effectual to constitute such said child the heir of said parent; and, where the decree does not so provide, a further decree may be entered upon application of the parent adopting, constituting such child the heir of such parent in all respects as aforesaid."

The law remained in this form until the Revision of 1905. We have, then, this situation at the time of the passage of the Revised Statutes: Children adopted prior to 1891, in accordance with the then existing law, were not, and could not be made, as an incident of their status as adopted children, heirs in law of the adoptive parents. Children adopted after 1891 might, by the act of adoption, be given the status of heirs of the adopting parents, or not, depending on the wish of the adopting parents, and under the act of 1891 children adopted prior thereto might be given such status or might remain not entitled to inherit.

Chapter 73, R. L. 1905, contains the provisions relating to the adoption of children. The first sections of the chapter define the procedure substantially as it had existed theretofore. Section 3616 relates to the status of the adopted child, and is as follows: "Upon adoption such child shall become the legal child of the persons adopting him, and they shall become his legal parents, with all the rights and duties between them of natural parents and legitimate child. By virtue of such adoption, he shall inherit from his adopting parents or their relatives the same as though he were the legitimate child of such parents, and shall not owe his natural parents or their relatives any legal duty; and, in case of his death intestate, the adopting parents and their relatives shall inherit his estate, as if they had been his parents and relatives in fact."

Under the provisions of the Revised Laws the right formerly existing to adopt a child without giving to that child the status of heir of the adoptive parents is taken away. This clearly evidenced a legislative policy with reference to adopted children presumably based on a belief that when, by adoption, a child becomes the same as a natural child as to all other legal incidents growing out of the

relationship of parent and child, it should be placed on the same footing, also, as to heirship. The considerations of public policy which were controlling in thus fixing the status of adopted children would apply equally to children adopted before and after 1905. To give effect, therefore, to the obvious intent of the legislature, said section 3616, fixing the status of adopted children with reference to heirship, must be construed to be a general provision applying to all adopted children, without reference to the time of their adoption.

The wording of the law harmonizes with this view of its meaning. It applies to a class, and no restrictive terms limit its application to a part of the class. The phrase "by virtue of such adoption" refers generally to statutory adoption, and has no reference to any special manner or method of adoption as provided for in the preceding sections of chapter 73, for such provisions are substantially the same as those in the 1876 statute.

This section and the related sections constitute the entire law on the subject of adoption as embodied in the revision. No other provision as to the heirship of adopted children is carried into the Revised Statutes. It is not to be assumed, without some substantial basis therefor, that it was intended that the law defining the status of all the then existing adopted children was to be found in the different statutes passed in prior years, and that the Revised Statutes, when passed, should contain the law applicable only to the status of such children as might thereafter be adopted. Nor should it be inferred, without something in the statute or existing conditions clearly indicating such meaning, that the legislature intended that different rules as to heirship should apply to different individuals within the class of adopted children.

It is urged that to apply this statute to all adopted children makes it retrospective, and that such construction should not be given the law unless it clearly appears that it was so intended by the enacting body. We do not think this statute falls within the class of laws to which this rule of construction contended for by appellant is frequently and properly applied. This statute does not give to past acts a new effect upon mutual rights or liabilities. Nor does it

change or affect existing rights. Rights by inheritance in an estate do not accrue until the death of the owner intestate. A law providing for the future descent of property is prospective. The statute in question, at its passage, related to future inheritances by adopted children. It conferred or took away no present right. A law of inheritance making a change in the prior law as to adopted children —a numerous, permanent, existing class of persons—does not differ in principle from a law making a change in the rules of inheritance of property by force of the relationship of husband or wife or through the relationship between other classes, and no different rule of construction of a statute effecting such change is required.

Under a New York statute conferring upon adopted children the rights of inheritance of natural children, this exact question of the application of the statute to children adopted prior to its passage arose, and the statute was held to apply to all adopted children. Dodin v. Dodin, 16 App. Div. 42, 44 N. Y. Supp. 800; Theobald v. Smith, 103 App. Div. 200, 92 N. Y. Supp. 1019; Gilliam v. Guaranty, 186 N. Y. 127, 78 N. E. 697, 116 Am. St. 536.

In Dodin v. Dodin, supra, it is stated: "The adoption pursuant to the act of 1873 created the relation of parent and child. * * * This being the existing relation between them, the status of the child in respect to her inheritable capacity was distinct from and independent of the act of adoption, and was subject to legislative control. The endowing her with the former by a later statute had no effect upon the act of adoption. It merely modified the law of descent as applied to children before then adopted, as well as to those who should thereafter be placed in that relation. * * * The effect and operation of the act in question, then, is prospective, not retrospective."

Although, by the act of adoption under the law as it then existed, heirship was not an incident of the relationship created between the adopted children, respondents herein, and Hein Rasmussen, under the provisions of section 3616, R. L. 1905, upon the death of said Hein Rasmussen, the respondents acquired the same right in his estate that by law is given to natural children of a deceased parent.

The judgment appealed from is affirmed.