### Thieman v. Hancock, Circuit Judge.
### Phillips v. Same.

Dec. 17, 1943.

Franklin S. Fitch and Samuel Steinfeld for petitioners.

R. David McAfee, Simeon S. Jacobs and S. J. Stallings for respondent.

OPINION BY CHIEF JUSTICE FULTON—Issuing writ.

The above styled original actions in this court seek writs of prohibition to prevent a recount of the ballots cast at the regular November election of representatives from the thirty-sixth and thirty-eighth legislative districts of Jefferson County. The two cases are disposed of in this opinion, since the sole question presented in each of them is whether there may be a recount by a circuit court of the ballots cast at an election of a member of a General Assembly, it being conceded that if no such recount may be had the respondent is proceeding beyond his jurisdiction in proposing to conduct a recount so as to be amenable to the prohibitory process of this court.

KRS 122.070 prescribes the procedure for the "contest of the election of any state, county, district or city officer, except Governor, Lieutenant-Governor, member of the General Assembly and those city officers as to whom there are other provisions made by law." KRS 122.100 provides that "any candidate who was voted for at a regular election for any of the offices mentioned in KRS 122.070 may request a recount of the ballots by filing a petition so requesting, with the same court that petitions for contest are required to be filed with * * *, or by including a request for a recount in a petition instituting contest proceedings * * *."

It is the theory of the respondent that since members of the General Assembly are mentioned in KRS

122.070 the right to a recount is conferred by KRS 122.100, while the petitioners theory is that only those candidates on whom the right of contest is conferred are given the right to request a recount.

We think the position of the petitioners is well taken and that it was clearly the intention of KRS 122.100 to provide for a recount only as to those offices as to which there could be a contest. It seems clear that the words in KRS 122.100, "for any of the offices mentioned in KRS 122.070," had reference only to offices as to which there might be an election contest and that there was no intention on the part of the Legislature to make the recount statute broader than the contest statute—the intention was to carry into KRS 122.100 the offices mentioned in KRS 122.070 with the exceptions made therein. This is clearly indicated by the provision of KRS 122.100 that the petition for a recount must be filed in the same court in which contests are required to be filed.

It is argued for the respondent that if the Legislature had intended to deny a legislative candidate the right to a recount appropriate language could have been used for the purpose—for instance, that KRS 122.100 might have been worded to read that any candidate entitled under the provisions of KRS 122.070 to maintain a contest could request a recount. No doubt, the statute could have been more clearly worded, and any uncertainty could have been removed by the suggested wording, but the failure of the Legislature clearly to point its meaning in a given direction does not require the courts, in ascertaining legislatve intention, to turn in the opposite direction. We are called on to construe the statute as written, and in doing so, we have little, if any, doubt that it was the legislative purpose to authorize a recount only in those cases in which a contest is authorized.

If it could be said that an ambiguity is created in KRS 122.100 by the use of the words "for any of the offices mentioned in KRS 122.070," then by the authority of KRS 446.130 we may refer to KS sec. 1596a-12, from which KRS 122.070 and KRS 122.100 were derived, for the purpose of resolving the ambiguity. And, since KS sec. 1596a-12 clearly negatives the right to a recount in elections of members of the General

Assembly, the supposed ambiguity in KRS 122.100 would be resolved against the right of recount.

In view of our conclusion that the statute does not provide for a recount in legislative elections, it is unnecessary to discuss or decide the question whether the Legislature has the power to authorize such a recount.

Writs of prohibition will issue in accord with the prayer of the petitions, prohibiting the respondent from proceeding with the recount.

Whole Court sitting.