John B. BRECKINRIDGE et al.,
Appellants,

v.

Henry M. SKILLMAN'S TRUSTEE et al.,
Appellees.

Court of Appeals of Kentucky.

Nov. 20, 1959.

Rehearing Denied Jan. 29, 1960.

John B. Breckinridge, Lexington, for appellants.

Rufus Lisle, Rodman W. Keenon, Lexington, for appellees.

SANDIDGE, Judge.

This declaratory judgment action was instituted by Security Trust Company, of

Lexington, trustee under the will of Henry M. Skillman, Sr., against certain of his heirs, individually and as representatives of all of his heirs as a class, for the construction of his will. This is an appeal by some of the heirs from the judgment of the lower court construing such will.

Henry M. Skillman, Sr., executed his will on November 20, 1929; he died on October 21, 1946; and his will was probated on November 2, 1946. After making a specific bequest he devised and bequeathed the residue of his estate to Security Trust Company in trust for the benefit of his two sons, Henry M. Skillman, Jr., and A. Winston Skillman, in equal portions, with direction that the net income from the trust be paid equally to them. The will authorized the trustee, in its discretion, to make partial distribution of the corpus of the trust to his sons at five year intervals. It provided that any of the corpus not distributed to the son for whom it was held should be retained by the trustee, that the income therefrom should be paid to such son during his life, and that at his death such portion of the corpus should be distributed to his issue, if any, per stirpes, and then provided as follows:

"* * * if no issue should survive at the time of the death of either of my said two sons, the corpus of the estate then held for him shall be held for the benefit of my other son, or his issue, in case he be dead leaving issue; the same trusts and conditions to apply to the portion thus received as to the original bequest for the benefit of such son under this will; and should both of my said sons die without leaving issue surviving, any part of the trust estate then in the hands of the Trustee shall be distributed among my heirs at law according to the laws of descent and distribution now in force in Kentucky in cases of intestacy."

Henry M. Skillman, Jr., died in 1951, without issue. A. Winston Skillman died in 1957, without blood issue, but with his adopted daughter, Laura Skillman Dunavent, surviving him. The lower court found, pursuant to admission in the pleadings, that she was legally adopted by A. Winston Skillman in 1939, that she was his sole surviving issue, and that as such she was entitled, under the terms of the will, to the remaining corpus of the trust, both as the issue of A. Winston Skillman and as an heir of the testator.

Some perplexity is expressed in the brief for appellee, Laura Skillman Dunavent, as to what constitutes the record to be considered on this appeal. Appellants designated only the will and the judgment, and filed a statement of points. The clerk, in conformity with CR 75.07, properly included the pleadings along with the items designated as the record on appeal.

There is no dispute about Laura Skillman Dunavent being legally adopted by A. Winston Skillman in 1939.

■ Our current adoption statute (KRS 199.011–199.600), as amended in 1956, is all-inclusive and applies to those legally adopted prior to its enactment. Kolb v. Ruhl's Adm'r, 303 Ky. 604, 198 S.W.2d 326.

■ In determining whether an adopted child comes within a class of remaindermen designated by will to take at the expiration of a life estate, the adoption statute in effect at the latter time controls, and not the statue in effect at testator's death. Edmands v. Tice, Ky., 324 S.W.2d 491; Major v. Kammer, Ky., 258 S.W.2d 506.

■ The life estate of A. Winston Skillman terminated in 1957 and KRS 199.520 (2) then provided and still provides that an adopted child

"* * * shall be considered for purposes of inheritance and succession and for all other legal considerations, the natural, legitimate child of the parents adopting it the same as if born of their bodies."

Under that statutory mandate Laura Skill-man Dunavent must be considered as the child and issue of A. Winston Skillman. As such she is clearly entitled, under the plain terms of the will, to the remaining corpus of the trust estate created by the testator. Edmands v. Tice, Ky., 324 S.W. 2d 491. That being true, it is unnecessary to consider whether under the terms of the present will she was entitled to take as an heir of the testator.

The judgment is affirmed.

MONTGOMERY, C. J., dissenting.