E. H. PADGETT, County Judge etc., and W. A. Seay and James Flincheum, Appellants,

v.

Ann SENSING et al., Appellees.

Court of Appeals of Kentucky.

Feb. 7, 1969.

H. W. Roberts, Jr., Hickman County Attorney, Clinton, for appellants E. H. Padgett and Hickman County Fiscal Court.

James H. Warren, Fulton, for appellants W. A. Seay and James Flincheum.

Nancy Day Montgomery, Clinton, Robert O. Miller, Murray, for appellees.

EDWARD P. HILL, Judge.

This suit was filed by W. A. Seay and James Flincheum (hereinafter the taxpayers) individually, "and under Civil Rule 23.01(3) on behalf of all other owners of property in Hickman County, Kentucky * * * and more particularly those resident voters of Hickman County, Kentucky," constituting 51 percent of the qualified voters of the county thereof, against the Hickman County Library District, the members of its board of trustees (hereinafter the library board), the county judge, magistrates and the fiscal court of said county (hereinafter the fiscal court), for dissolution of the library board and to prevent further taxes being assessed for the library board. The fiscal court filed an answer in effect agreeing with the taxpayers. The library board then filed an answer and a cross-claim against the fiscal court. The cross-claim sought a mandamus against the fiscal court requiring it to levy the library tax. The trial court dismissed the taxpayers' claim and granted the mandamus sought by the library board.

From this judgment the taxpayers and the fiscal court prosecuted this appeal, in which they present four "questions," all of which involve the interpretation of KRS 173.800(1) and (5). We shall lump the four "questions" together for the purpose of discussion. Here are the facts.

The Hickman County Library District came into existence July 28, 1967, pursuant to a resolution of the fiscal court as of that date.

On August 17, 1967, the library board borrowed $5,000 from two Clinton banks in equal amounts. On the following day it leased a building in Clinton for three years and agreed by the lease to pay monthly rental of $75. Obviously its maximum liability at this time was $7,700.

After a short life of less than ninety days, on October 20, 1967, there was tendered and filed with the fiscal court a petition, signed by 51 percent of the legal and qualified voters of the district, demanding the dissolution of the district. The fiscal court found the petition met the legal requirements and by proper resolution file same. The resolution contained the following provision:

"[B]ut that the petition will not be considered of any legal effect until all contractual obligations executed prior to this time by the Hickman County Library Board have been satisfied; then at such time this petition for dissolution shall be effective and the County Court Clerk will remove tax levy from tax bills."

Appellants take the position that upon the filing of a valid petition by 51 percent of the qualified voters the library district was, *ipso facto*, dissolved, leaving the library board with only the power to liquidate its previous "contractual obligations."

Appellee the library board argues that it had the power to continue to function, including the power to incur further "contractual obligations."

This suit was filed March 6, 1968, in which it was alleged that there were collected and turned over to the library board 1967 taxes far in excess of its "contractual

obligations" on October 20, 1967. In fact, it had received $11,556.61 from 1967 taxes up to the date of filing of the complaint.

For the answer to this question, we turn to KRS 173.800(1) and (5), which we quote:

"(1) Upon filing of a duly certified petition of fifty-one percent of the number of qualified voters who voted in the last general election in the district, the fiscal court of each county in the district shall adopt a resolution to dissolve a library district.

\*   \*   \*   \*   \*   \*

"(5) A petition for dissolution will not be considered of any legal effect if, at any time prior to the filing of such a petition for dissolution, contractual obligations have been assumed by pertinent contracting parties in connection with subject library. After all contractual obligations, existing prior to the time of the attempted filing of such petition for dissolution, have been satisfied, then, at such time, a petition for dissolution may be effectively filed under this section, provided that other provisions of this section are complied with."

It is noted that subsection one of the above statute clearly provides the fiscal court shall "adopt a resolution *to dissolve a library district*." Subsection five seems to say that "after all contractual obligations, existing prior to the time of the attempted filing of such petition for dissolution, have been satisfied, then, at such time, a petition for dissolution *may be effectively* filed \* \* \*." (Emphasis ours)

■ Obviously there is some inconsistency in the language of the statute if taken literally, and it would appear the statute is unclear and ambiguous. However, it is the policy of the judiciary to uphold a legislative act so as to give effect to rather than nullify it. Thieman v. Hancock, 296 Ky. 223, 176 S.W.2d 418.

■ We interpret the statute to contemplate dissolution of a library district upon the entry of a resolution filing a valid petition by the required voters. Needless to say, the fiscal court may have some judicial functions in the matter of determining the validity of the petition and the resolution dissolving should follow such determination. We think subsection five of the statute simply means that the dissolution of the district cannot operate to prevent the library board from paying its just debts, its "contractual obligations." This being done, the dissolution is complete. After the entry by the fiscal court of the resolution dissolving, the action of the library board is limited to performing the "contractual obligations" it incurred before the date of filing of the petition, with the possible exception of the necessary or incidental expense of closing out its business.

To interpret the statute otherwise would allow library boards to continue to contract obligations and thereby perpetuate the life of the district until doomsday.

■ There has been filed by the library board a motion to dismiss the appeal for failure of appellants to prosecute an appeal from the resolution of the fiscal court, citing Meredith v. Sears, Ky., 427 S.W.2d 813 (1968). The resolution impliedly provides for dissolution and incorporated the language of the statute which we have interpreted hereinabove. This interpretation applies to the resolution as well. It follows that the resolution of the fiscal court was not unfavorable to appellants. Hence, no appeal was necessary. Really this is an action for declaratory judgment under KRS 418.040 *et seq.* to interpret the rights of the parties under the resolution passed by the fiscal court. Cf. Board of Ed. of Campbellsville Ind. Sch. Dist. v. Faulkner, Ky., 433 S.W.2d 853 (1968).

■ The library board having received more than sufficient funds from 1967 taxes to meet its contractual obligations as of October 20, 1967, and other legal expenses, any further levy or collection of taxes for its benefit is unauthorized and illegal.

Appellants contend a receiver should be appointed to "receive the funds and discharge the contractual obligations so that the petition for dissolution of the library board may be effectively filed." A proper showing may entitle appellants to this relief. However, we leave this question where it should be, in the sound discretion of the trial court.

The judgment is reversed with directions to enter another not inconsistent with the views herein expressed.

All concur.