William O. CONWAY, Appellant,

v.

Johnetta CHILDRESS and William Riley Conway, Appellees.

No. 93–CA–002177–MR.

Court of Appeals of Kentucky.

Dec. 23, 1994.

Discretionary Review Denied by Supreme Court May 3, 1995.

John F. Estill, Maysville, for appellant.

J. Randall Reinhardt, Lexington, for appellees.

Before GUDGEL, SCHRODER and WILHOIT, JJ.

SCHRODER, Judge:

The issue raised in this appeal involves class gifts and asks which date (date of will's execution; date of testator's death; or date of life tenant's death) governs the law which closes the class or determines whether a father's illegitimate children come within a class of remaindermen designated by will to take at the expiration of the life estate. The Nicholas Circuit Court granted summary judgment to appellees, Johnetta Childress and William Riley Conway, finding they were the natural children and heirs at law of John Dennis Conway, appellant's brother, and were entitled to inherit land which had been conveyed to John Dennis Conway by his father, B.T. Conway.

B.T. Conway had four children, among them the appellant and John Dennis Conway. In 1941, he executed a will which devised a sum of money to the appellant, real property to his two daughters, and to John Dennis Conway:

> I give, devise and bequeath to my son, Johnnie Conway, all that tract of land, lying on Fleming Creek in Nicholas County, Kentucky containing about 104 acres, being the same land conveyed to me by Henry Flora. This devise to him is for and during his natural life and at his death it is my will that said land shall revert to and vest in **his heirs at law, according to the Statute of Descent and Distribution of this State.**

(Emphasis added.)

B.T. Conway died November 3, 1943, and John Dennis Conway took a life estate in the property devised him. John Dennis Conway fathered two children, the appellees, by Nancy Sexton, but never married her. The circuit court found that the appellees were John Dennis Conway's biological children, and no appeal has been raised from this finding. In 1990, John Dennis Conway died intestate. The appellant believed he and his sister, the only other living sibling, were John Dennis Conway's only heirs at law, as intended by their father's will. Johnetta Childress and William Riley Conway sued, arguing that as the natural children of John Dennis Conway, they were his heirs at law.

At both the time that the will was executed and as of B.T.'s death, KRS 391.090(2) was in effect, which stated that, "A bastard shall inherit only from his mother and his mother's kindred." In 1977, the United States Supreme Court struck down as unconstitutional an Illinois statute almost identical to KRS 391.090. *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977). The Kentucky Supreme Court declared KRS 391.090 unconstitutional in 1977, *Pendleton v. Pendleton*, Ky., 560 S.W.2d 538 (1977), and the statute was repealed by the legislature in 1986.

Appellant now maintains that the determination of John Dennis Conway's heirs at law is controlled by "the Statute of Descent and Distribution of this State," as it existed as of the date of B.T.'s death. We disagree and therefore affirm.

Quoting from *Major v. Kammer*, Ky., 258 S.W.2d 506, 508 (1953):

> The rule, which is recognized by a majority of the courts, is that in determining what persons shall be entitled to take under a devise or bequest to heirs or next of kin of a life beneficiary, **membership in the class is to be ascertained by the statutory definition in force at the death of such life tenant rather than one in effect at the time of the execution of the will or the death of the testator.** The reason for the rule is that when a testator makes a devise to a class, the membership in which is ascertainable at an indefinite future time, he is regarded as having contemplated the possibility of a change in the controlling laws prior to that time, and hence is presumed, in the absence of any contrary context in the will, to have intended that the statutes in effect at the time the gift becomes operative be resorted to in determining membership in the class.

(Emphasis added.)

It cannot be gleaned from the four corners of the will that the testator intended that the laws in effect at the time of its execution govern this matter. *See Breckinridge v. Skillman's Trustee*, Ky., 330 S.W.2d 726 (1959), in which the words "my heirs at law according to the laws of descent and distribution now in force in Kentucky in cases of

intestacy" did not prevent the Court from ruling that the law in effect at the end of the life estate, not at the time of the testator's death, determined whether an adopted child could be a remainderman at the end of the life estate. Therefore, it is our opinion that the law in effect at the time the life estate ended governed closing of the class, or the determination of the class known as "heirs at law." Since, in 1990, the law in Kentucky had been well established by both the legislature and the judiciary that illegitimate children are entitled to inherit from both their mothers and fathers, the circuit court properly ruled that Johnetta Childress and William Riley Conway were John Dennis Conway's heirs. Moreover, the court's granting of summary judgment to appellees was proper because, for the reasons explained above, as a matter of law, it would have been impossible for appellant to produce evidence at trial warranting a judgment in his favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* Ky., 807 S.W.2d 476, 483 (1991).

All concur.