EVA CHERTOK, Appellant, *v.* MORRIS CHERTOK, Respondent.

First Department, February 21, 1924.

**Husband and wife — annulment of marriage — action based on ground that defendant had wife living in Russia at time of marriage — defendant secured rabbinical divorce from rabbi in Brooklyn — divorce though recognized in Russia not valid here.**

In an action for the annulment of a marriage on the ground that at the time the parties were married the defendant had a wife living in Russia, a rabbinical divorce granted to the defendant by a rabbi living in Brooklyn in accordance with the rabbinical laws in Russia, and finally consummated in Russia and recognized there as valid, is not a defense to the action, since the divorce so granted is not valid under our laws.

The divorce which must be regarded as having had its inception in the paper issued by the Brooklyn rabbi cannot be regarded as a divorce obtained in Russia, since the evidence shows that what was done in Russia was intended merely to give effect to the divorce granted by the rabbi.

APPEAL by the plaintiff, Eva Chertok, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 14th day of March, 1923, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint upon the merits.

*Wasserman & Erenstoft [Frank Wasserman* of counsel], for the appellant.

*Abraham Vogel,* for the respondent.

MARTIN, J.:

This is an action for the annulment of a marriage on the ground that at the time of the marriage between plaintiff, Eva Chertok,

11

and the defendant, Morris Chertok, the defendant had a wife living, his first marriage being in full force and effect. The complaint also alleges that this marriage was contracted by plaintiff without any knowledge on her part of such prior marriage.

The defendant in September, 1910, married Anna Rubinstein, in the city of Warsaw, Russia, and lived with her for about one year and a half. During the year 1912 he came to the United States and has since resided in New York city.

In November, 1917, Anna Rubinstein, defendant's first wife, commenced a proceeding for an absolute divorce, according to rabbinical laws, at the suggestion and instigation of her father, Jacob Rubinstein, who was then residing in New York; that he went to a rabbi with defendant; that they then and there proceeded to procure a rabbinical divorce; and that it was finally consummated in Russia, according to rabbinical laws recognized by the government of Russia. It is asserted for defendant that thereby the marriage existing between defendant and Anna Rubinstein, his first wife, was dissolved.

Testimony with reference to the manner of obtaining a divorce in Russia between those residing there, or where the husband resides in the United States and the wife resides in Russia, was offered by defendant. Depositions were taken, in Russia, of the first wife of defendant and of David Tevel Katzenellenbogen, the rabbi in Petrograd, Russia, who delivered the rabbinical divorce there. He testified that the divorce was granted in accordance with the rabbinical laws in Russia and that such a divorce was at that time recognized by the Russian government.

The whole defense here is based on the rabbinical divorce obtained by defendant from a rabbi in the borough of Brooklyn, New York city, while defendant was domiciled in New York city and under the jurisdiction of the laws of this State.

The Constitution of the State of New York (Art. 1, § 9) provides: " Nor shall any divorce be granted otherwise than by due judicial proceedings." In view of this and of the inhibition contained in section 1450 of the Penal Law, we must hold that the writing, purporting to be a divorce obtained from a rabbi in Brooklyn cannot be recognized as having any effect in this State or as having been validated by what was done in Russia.

It would be a curious anomaly in the law to recognize as having any validity here an act expressly prohibited by statute and made punishable as a misdemeanor. Although a divorce may have been perfected in Russia, according to the law prevailing there, by the delivery of the alleged divorce granted by a rabbi in New York city, the act of the local rabbi in granting it was not thereby

rendered consonant with the law prevailing here.   The rabbinical divorce must be regarded as having had its inception in the paper issued by the Brooklyn rabbi, and although the Russian government may recognize it, the divorce is void in its inception under our law.

We cannot regard it as a divorce obtained in Russia.   The record indicates that what was done in that country was intended merely to give effect there to the rabbinical divorce obtained in Brooklyn.

These views make it unnecessary to consider the effect of the collusive arrangement according to which the local rabbinical divorce was granted, it appearing from the record that defendant first demanded $10,000 and concluded by accepting $300 in consideration of his appearing before the rabbi in Brooklyn and giving his consent to the rabbinical divorce.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING and McAVOY, JJ., concur; FINCH, J., concurs in result.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.