## In re SPIEGEL.

District Court, S. D. New York. February 16, 1928.

**Aliens** ⟨⟩62(5)—Divorce 6½—Petitioner's second marriage, after divorce granted by rabbi, recognized in Poland, where first wife was, being bigamous, petitioner could not become citizen (Const. N. Y. art. 1, § 9).

Where petitioner, while living here, and while his first wife was living in Poland, was granted divorce by rabbi in New York City, which divorce was valid in Poland, and petitioner later remarried and was living with alleged second wife, his second marriage was bigamous, under Const. N. Y. art. 1, § 9, providing that no divorce shall be granted otherwise than by due judicial proceedings, and he could not be regarded as having behaved as person of good moral character for period of at least five years immediately preceding filing of petition, for naturalization, and application must be denied.

Naturalization. In the matter of the petition of Ephraim Spiegel to be admitted to become a citizen of the United States. Petition denied.

BONDY, District Judge. It is assumed that the facts are as stated by the district director of naturalization without contradiction. The petitioner has resided in the United States since April, 1914. In 1923, while he was living here, and his first wife was living in Poland, he appeared before a rabbi in New York City and applied for and obtained a rabbinical decree of divorce. The decree was then sent by him to a rabbi in Poland, where it was delivered to and accepted by his wife.

The petitioner contends that, according to the rabbinical law and the laws of Poland, a divorce granted in this manner is valid in Poland, and that no court decree was necessary. After the procurement of the rabbinical divorce decree, the petitioner remarried. He is now living with his alleged second wife. He is the father of two children, one the issue of his first marriage, living abroad with his mother, and the other, the issue of his alleged second marriage.

In the case of Chertok v. Chertok, 208 App. Div. 161, 203 N. Y. S. 163, the Appellate Division held that a divorce granted by a rabbi in this city to a husband, domiciled here, from his wife residing in Russia, consummated in Russia according to rabbinical laws recognized by the Russian government, cannot be regarded as a divorce obtained in Russia, and is void in this state in view of the provisions of section 9, article 1, of the state Constitution, that no divorce shall be granted otherwise than by due judicial proceedings.

Under such circumstances, petitioner's second marriage was bigamous. The petitioner, therefore, cannot be regarded as having behaved as a person of good moral character for a period of at least five years immediately preceding the filing of his application.

The application, therefore, must be denied.