### Petition of HOROWITZ.
### No. 149153.

District Court, E. D. New York.
March 18, 1931.

Max Seidenbaum, of Brooklyn, N. Y., for Louis Horowitz.

Merton A. Sturges, District Director of Naturalization, of New York City.

MOSCOWITZ, District Judge.

Louis Horowitz has presented a petition to become a citizen. The facts set forth in his affidavit, verified October 30, 1930, are as follows:

"Louis Horowitz, residing at 1527–40th St., Brooklyn, N. Y., after being duly sworn, deposes and says:

"I am the identical Louis Horowitz who filed petition for naturalization, No. 149153, in the U. S. District Court, Brooklyn, N. Y., on September 29, 1930.

"I was born in Nasielsk, Poland, on or about January 4, 1892, my European name being Leib Jozefowicz. On or about May, 1918, I married Pessa Schwarzberg at Nasielsk, Poland, in accordance with the Jewish ritual. There was no civil marriage. I came to New York, N. Y., SS Lapland, on or about October 1, 1923, leaving Pessa in Poland, as she did not want to come to America. I requested her several times to come to this country, but in the early part of 1928 she wrote me that she liked someone else and wanted a divorce and would agree to one for a settlement of $1,000. I accordingly went to a Rabbi in New York and had him prepare the necessary papers in accordance with the Jewish ritual and forwarded the divorce papers and $1,000 to Pessa which she acknowledged at Nasielsk, Poland, on March 26, 1928, and agreed to a civil divorce which was to be obtained within one year at my expense. So far as I am aware no civil divorce has ever been obtained. I have never been in Poland since I came here in 1923 and Pessa has never been in the United States.

"On June 24, 1928 I married Dora Mareson in New York City by a Rabbi on a marriage license obtained at the City Hall, New York City."

Petitioner's first marriage was not dissolved by a civil divorce. It is not claimed that an ecclesiastical divorce was consummated. Whether or not the divorce was valid in accordance with the Jewish ritual is beside the question, as such alleged divorce as claimed by the petitioner is not recognized under the laws of the state of New York. The second marriage performed after the procurement of a rabbinical divorce is bigamous under the laws of the state of New York. Chertok v. Chertok, 208 App. Div. 161, 203 N. Y. S. 163.

Under the Naturalization Act a person shall not be admitted to citizenship unless he has behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

The Naturalization Act provides among other things that:

"No alien shall be admitted to citizenship unless (1) immediately preceding the date of his petition the alien has resided continuously within the United States for at least five years * * * (2) he has resided continuously within the United States from the date of his petition up to the time of his admission to citizenship, and (3) during all the periods referred to in this subdivision he has behaved as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." Section 6 (b), Act of March 2, 1929, 45 Stat. 1513, 1514; U. S. C. Sub. 3, title 8, § 382 (8 USCA § 382).

The petitioner having contracted a bigamous marriage cannot be considered as one who has behaved as a person of good moral character for a period of at least five years immediately preceding the filing of his application. In re William Spencer, 5 Sawyer, 195 Fed. Cas. No. 13234; Matter of Ephraim Spiegel (D. C.) 24 F.(2d) 605, decided by Judge Bondy on February 16, 1928.

The petition is denied.