SOPHIA C. HULL, Appellant, *v.* MACGREGOR J. MITCHESON, Respondent.

(Argued February 10, 1876 ; decided February 25, 1876.)

THE complaint in this action alleged, in substance, and the referee found, that plaintiff having become entitled to certain real estate in Pennsylvania, in which State she then resided with her husband, executed with him a deed in trust of said real estate, the trustee to rent the real estate and receive the rents and income, and pay over the same to plaintiff or to such persons as she might appoint to receive the same ; or, at her option, to permit her to lease or occupy and enjoy the granted premises, and to receive the rents and income during her natural life, for her separate use and support, and after her decease to hold the same for the use and benefit of such person or persons as she, by will, should nominate and appoint ; and in case of no such appointment, for the use and benefit of her heirs and legal representatives, entitled under the law of Pennsylvania regulating descents, in case plaintiff had died seized thereof, with power to the trustee to sell and dispose of the granted premises, with plaintiff's consent, and to invest the proceeds subject to the like uses and trusts. That defendant was subsequently duly appointed trustee under said trust in place of the original trustee.  That plaintiff and her husband having moved to New York, defendant invested the proceeds of the real estate, which had been sold and converted into money, in the purchase of a house and lot in the city of New York.  That plaintiff, upon such purchase, entered into possession of the premises, and subsequently they were leased, plaintiff receiving the rents therefrom.  The complaint alleged that defendant, for the purpose of annoying plaintiff, and to disturb her use and enjoyment of the premises, had prevented payment of rent by the tenants, and had commenced an action to recover possession of the premises, and was unfitted to discharge the duties of the trust, and asked that defendant might be removed as trustee, etc.

The referee found that the deed in trust was a valid con

tract under the laws of Pennsylvania. That, at the time of the purchase of the premises in this State, defendant supposed that the title to the premises might lawfully be held by him as trustee, and that the trusts might lawfully be executed under the laws of this State. That defendant had commenced the action stated in the complaint, but had, in all respects, faithfully performed his duty as trustee, and had taken no steps for the purpose of annoying her, etc. As conclusion of law, he found, in accordance with a prayer for affirmative relief in the defendant's answer, that defendant was entitled to have the real estate sold and to have the proceeds paid to him, subject to the trust, and directed sale accordingly.

*Held*, that, upon the findings, plaintiff was not entitled to judgment, nor was the defendant entitled to the affirmative relief granted; that the law of Pennsylvania could be learned only as a fact from evidence. That there was no finding or evidence that the provision in the post-nuptial contract or trust deed requiring the grantee, at the option of plaintiff, to permit her to let, devise and occupy, etc., made a legal active trust in the grantee under the laws of Pennsylvania.

*George F. Comstock* for the appellant.

*W. W. McFarland* for the respondent.

*Per Curiam* opinion for reversal and new trial.
All concur.
Judgment reversed.