In the Matter of the Judicial Settlement of the Account of Proceedings of HOWARD THAYER KINGSBURY, Respondent, as Sole Surviving Executor, etc., of SAMUEL FROST, Deceased.

MAUDE OGDEN HEATH JESSUP, Individually and as Executrix, etc, of MARY F. HEATH, Deceased, and Others, Appellants; ALICE C. B. KINGSBURY, Respondent.

First Department, May 28, 1920.

**Adoption — amendment of Domestic Relations Law allowing adoption of adults with rights of inheritance — effect of amendment made by chapter 149 of Laws of 1917 — when adopted adult does not take property devised under prior will.**

Where an adult person was adopted in 1916 after section 110 of the Domestic Relations Law was amended by chapter 352 of the Laws of 1915, so as to allow the adoption of adults, and after section 114 of the statute was so amended as to allow adults to inherit from the foster parent except where it would defeat the rights of remaindermen, but the foster parent did not die until 1918 after the statute was again amended by chapter 149 of the Laws of 1917 providing that the right of an adopted adult to inherit from the foster parent should not apply to any will, devise or trust made or created before April 22, 1915, etc., the adopted adult is not entitled to share in a residuary estate which came to her deceased foster parent under the will of an ancestor who died in 1888, which provided that if a beneficiary of the residuary estate died without surviving issue, which was the fact, her share should go to " her heirs at law." Under the circumstances the share of the deceased foster parent went to her nieces as her heirs at law to the exclusion of the adopted adult daughter.

APPEAL by Maude Ogden Heath Jessup and others from part of a decree of the Surrogate's Court of the county of New York, entered in the office of said surrogate on the 7th day of October, 1919, judicially settling the account of the respondent, Howard Thayer Kingsbury, as executor and trustee of Samuel Frost, deceased, and also from an order entered in the office of said surrogate on the 29th day of July, 1919, denying a motion of the appellants for a trial of certain issues.

*Charles E. Hughes* of counsel [*Augustus L. Richards* with him on the brief; *Hughes, Rounds, Schurman & Dwight,* attorneys], for the appellants.

*Frederic R. Coudert* of counsel [*John P. Murray* and *James E. Hopkins* with him on the brief], for the respondent Alice C. B. Kingsbury.

*Coleridge A. Hart*, for the trustee, respondent.

GREENBAUM, J.:

The grandchildren of the testator, Samuel Frost, appeal from a decree of the surrogate entered upon the accounting of Howard T. Kingsbury as executor and trustee under the testator's will. The decree directed the payment to one Alice C. B. Kingsbury, of substantially the entire undistributed portion of a trust fund created under the will of the testator, upon the ground that she was the sole heir at law, by adoption, of Emma F. Bussing, a daughter of the testator.

The salient facts will be briefly stated. Samuel Frost, the testator, died in New York city in March, 1888, leaving a will dated March 3, 1884, and a codicil thereto dated November 9, 1886. He was survived by two daughters, Mary F. Heath and Emma F. Bussing, who were his only heirs at law. At the time of the execution of the will and at the testator's death, his daughter Mary had three children living, Maude Ogden Heath (now Maude Ogden Heath Jessup), Emma Frost Heath (now Emma Frost Wyckoff) and Ella Heath, the appellants, who were his only grandchildren. His daughter Emma F. Bussing never had any children. After making certain specific bequests and devises, he gave the residue and remainder of his estate to his two sons-in-law and one Henry W. Johnson, his attorney, in trust to manage the property and collect and distribute the income. He provided for the disposition of his residuary estate by subdivision 4 of paragraph 5 of his will as follows: " All the rest and residue of said net income shall be divided by my said executors and trustees equally between and paid over to my said daughters share and share alike during their joint lives, as the same shall, from time to time, be received by said executors and trustees. Upon the decease of either of my said daughters, I give, devise and bequeath the one-half of my said residuary estate unto her issue share and share alike giving to the issue of any deceased child of such deceased daughter the share which such child

First Department, May, 1920.          [Vol. 192.

would have received if living; and in default of any such issue surviving such deceased daughter, I give, devise and bequeath said one-half to my surviving daughter and her heirs and assigns forever. The remaining one-half of my said residuary estate shall be held and managed as aforesaid by said executors and trustees during the lifetime of my surviving daughter and the income arising therefrom shall be paid over to her, and upon her decease I give, devise and bequeath the said one-half and all accumulations of interest thereon unto her issue share and share alike, the issue of any deceased child of such deceased daughter, however, to receive the share which such child would have received if living, and in default of any such issue surviving my said daughter, I give, devise and bequeath said remaining half of my residuary estate to her heirs at law."

The controversy hinges upon the effect that should be given to the concluding words just quoted, to wit, " to her heirs at law."

The two daughters of the testator received the income of the estate jointly until February 17, 1914, when Mary F. Heath died leaving her surviving her three daughters heretofore mentioned. Emma F. Bussing died on June 30, 1918, leaving no heirs of the blood excepting her three nieces.

The facts so far as they relate to Alice C. B. Kingsbury are as follows: Mrs. Kingsbury was taken into the household of Emma F. Bussing and her husband in 1872 when she was a few days old, and she was thereafter brought up by them as their own child under the name of Alice Cary Bussing. Mrs. Bussing's husband died on November 4, 1905, leaving a will in which he described the respondent as his daughter. He was succeeded as executor and trustee by Mr. Howard Thayer Kingsbury, the petitioner herein, who is now the sole surviving executor and trustee under the will. Mrs. Bussing died on June 30, 1918, leaving a will executed in 1906 in which she left her entire estate to Mrs. Kingsbury, whom she described therein as her daughter. At the time when Mrs. Kingsbury was taken as an infant into the Bussing home, there was no general adoption law in this State. The first general adoption law was enacted by chapter 830 of the Laws of 1873 and it only permitted the adoption of minors but con-

ferred upon them no right of inheritance. In 1887 that law was amended so as to give minors adopted thereunder the right to inheritance from their foster parents (Laws of 1887, chap. 703, amdg. Laws of 1873, chap. 830, § 10), " except that as respects the passing and limitation over of real and personal property, under and by deeds, conveyances, wills, devises and trusts, dependent upon the person adopting dying without heirs, said child adopted shall not be deemed to sustain the legal relation of child to the person so adopting so as to defeat the rights of remaindermen," etc.

In 1896 all adoption laws were embraced in the Domestic Relations Law (Gen. Laws, chap. 48 [Laws of 1896, chap. 272], art. 6). Sections 60 and 64 of that act provided as follows:

" § 60. * * * Nothing in this article in regard to an adopted child inheriting from the foster parent, applies to any will, devise or trust made or created before June twenty-fifth, eighteen hundred and seventy-three, or alters, changes or interferes with such will, devise or trust, and as to any such will, devise or trust, a child adopted before that date is not an heir so as to alter estates or trusts, or devises in wills so made or created."

" § 64. Effect of adoption. * * *

" The foster parent or parents and the minor sustain toward each other the legal relation of parent and child and have all the rights, and are subject to all the duties of that relation, including the right of inheritance from each other, and such right of inheritance extends to the heirs and next of kin of the minor, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting; but as respects the passing and limitation over of real or personal property dependent under the provisions of any instrument on the foster parent dying without heirs, the minor is not deemed the child of the foster parent so as to defeat the rights of remaindermen." In 1897 (Laws of 1897, chap. 408) section 64 was amended so as to provide for the effect of adoption by a stepfather or stepmother.

The provisions of the Domestic Relations Law above quoted, as amended in 1897, were subsequently embodied without change in the present Domestic Relations Law (Consol. Laws,

chap. 14 [Laws of 1909, chap. 19], §§ 110, 114). In 1915 (Laws of 1915, chap. 352) an amendment was made to section 110 of the Domestic Relations Law permitting for the first time in the history of this State the adoption of adult children, by adding in their appropriate places before the word " minor," the words " a person of the age of twenty-one years and upwards," and before the word " child," the word " adult." In other respects, section 110 was unchanged. Section 114 of the Domestic Relations Law was also amended so as to apply to adopted adults and in other respects read as it first appeared in section 64 of the Domestic Relations Law (1896) as above quoted. In 1916 (Laws of 1916 chap. 453), after the adoption herein, section 114 was amended, but the provisions in question were re-enacted.

Chapter 149 of the Laws of 1917 amended section 110 of the Domestic Relations Law, as amended by the act of 1915, so as to provide that " nothing in this article in regard to an adult adopted pursuant hereto inheriting from the foster parent applies to any will, devise or trust, made or created before April twenty-second, nineteen hundred and fifteen, or alters, changes or interferes with such will, devise or trust, and as to any such will, devise or trust, an adult so adopted is not an heir so as to alter estates or trusts or devises in wills so made or created." *

Mrs. Kingsbury was not legally adopted by Mr. or Mrs. Bussing until February 9, 1916, after the passage of the 1915 act. She was then married and was about forty-four years of age. The adoption proceedings were had before the surrogate of Nassau county.

Upon the foregoing state of facts, the learned surrogate held that the act of 1917 was not retroactive and that " Mrs. Kingsbury became an heir at law of Mrs. Bussing within the meaning of the Frost Will under the statute of 1915, which was the law under which she was adopted, and the 1917 statute does not operate to change that status."

The respondent, Mrs. Kingsbury, thus claims that by virtue of her adoption in 1916 she became an heir at law of Mrs. Bussing upon the latter's death in 1918, and as such

---

* Since amd. by Laws of 1920, chap. 433.— [REP.

heir entitled to receive the undistributed trust fund created under the will of Samuel Frost. The appellants deny the validity of the respondent's claim and assert that they alone were the heirs at law of Mrs. Bussing in respect of the trust fund created under the Frost will by reason of the express provision in the act of 1917, which declares that an adopted adult " is not an heir so as to alter  *  *  *  trusts  *  *  *  in wills  *  *  *  created " before April 22, 1915.

The appellants also contend that the phrase " heirs at law " used in the Frost will may not be construed as including Mrs. Kingsbury without invalidating the intention of the testator.

The respondent argues that the act of 1917 was not retro-active and that Mrs. Kingsbury's adoption in 1916 under the act of 1915 created her status of heirship as to Mrs. Bussing, which amounted to a vested right and of which a subsequent legislative act could not deprive her.

The point as to whether the 1917 act was retroactive may be speedily disposed of since the appellants also insist that it was not retroactive, citing *Dodin* v. *Dodin* (16 App. Div. 42; affd., 162 N. Y. 635) in which it is stated: " An amendatory statute has no retroactive effect unless such appears to have been the legislative intent." As no such intent is indicated in the act of 1917, the court is of opinion that it is not retroactive, but prospective in its effect.

As to the claim, however, that the respondent acquired a vested right of heirship under the 1915 act, it is evident upon reflection that it is not well founded. Had Mrs. Bussing died before the 1917 enactment, the plea of a vested right to the trust fund in question would have much force. But inasmuch as Mrs. Bussing died in 1918, quite a different situation is here presented. The act of 1915 not only created a new right in permitting the adoption of adults, but also a new right under the law of inheritance. The effect of that law was to confer the right of heirship upon an adopted adult and to displace theretofore existing presumptive heirships in others. Thus in the case at bar the appellants were prospective heirs of Mrs. Bussing up to the time when the act of 1915 went into effect, and thereafter were displaced by Mrs. Kingsbury when she was adopted by Mrs. Bussing.

If the respondent's theory of a vested right be correct,

it must then inexorably follow that appellants' prior rights under the law of inheritance must also be regarded as vested and hence unaffected by the legislation of 1915.

But the contention of the respondent is clearly untenable. It is true that the 1915 act contained no provision that an adopted adult " is not an heir so as to alter estates or trusts or devises in wills " made or created before the date of the 1915 enactment. But the legislative power which brought into existence rights of adoption of adults was also broad enough to permit the Legislature to amend its prior enactment and to limit and qualify any rights theretofore granted, which had not meanwhile become vested.

Mrs. Bussing was living in 1917, and a living person can have no heirs. (*Livingston* v. *Greene*, 52 N. Y. 118; *Heath* v. *Hewitt*, 127 id. 166, 170.) It is well settled that when property is to pass at a future date " to a certain class of persons it will be distributed amongst the persons who compose such class at the date of distribution." (*Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127, 133.) No vested right in the Frost trust fund, therefore, could arise until the death of Mrs. Bussing. The amendment of 1917 was clearly intended to modify the broad rights perhaps inadvertently conferred upon adopted adults under the 1915 enactment contrary to the general legislative policy theretofore pursued in respect of adoption enactments.

The history of adoption legislation in this State in that regard is readily gathered upon an examination of the various enactments which have been briefly outlined. It discloses a settled policy for the protection of the rights of remaindermen under wills made prior to the enactment of adoption laws.

It seems to us unnecessary to prolong this discussion in view of the opinion of the court in *Gilliam* v. *Guaranty Trust Co.* (*supra*, 134) which has fixed the law applicable to this case. Under somewhat analogous facts, excepting that the position of the parties was reversed, the court held that no vested right of heirship existed, saying: " It is too well established to require any discussion that the relationship of appellants to Mrs. Thomas which originally made them her heirs at law, did not confer any vested right during the life of the sister to the continuance of such heirship, but that

the Legislature had the power to change this and provide for a different line of inheritance; also, that a child adopted under the provisions of the act of 1873 giving no right of inheritance is entitled to the benefit of the statute enacted subsequently to the adoption conferring such right. (*Dodin v. Dodin,* 16 App. Div. 42; *Theobald v. Smith,* 103 App. Div. 200.) "

In view of the conclusion which we have reached, that the respondent may not be deemed an heir at law of Mrs. Bussing so far as the trust fund created under the Frost will is concerned, it will be unnecessary to discuss the other points raised in behalf of the appellants.

The order of the surrogate must be reversed and a new decree entered, directing the executor and trustee to pay aver to the appellants the funds which under the decree oppealed from were awarded to Mrs. Kingsbury, with costs to the appellants.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order reversed, with costs to appellants, and a decree ordered to be entered in accordance with opinion. Settle order on notice.