In the Matter of the Estate of SAMUEL DIXSON BARNHART, Deceased.

Surrogate's Court, Niagara County, July 10, 1930.

*Angelo F. Scalzo,* for the petitioner.

*William L. Hunt,* special guardian for infants Samuel James Barnhart, Jack Donald Barnhart and Aubrey Haynes Barnhart.

*Fred V. Degnan,* special guardian for Kathyren Agnes Barnhart Seymour, Clifford Pearson Barnhart and Paul A. Barnhart.

GOLD, S. Samuel Dixson Barnhart died in the city of Niagara Falls, Ont., on the 21st day of December, 1929. Decedent was married twice. At the time of his death he left him surviving four children by his first marriage and three children by his second marriage. His widow, Lila Elizabeth Barnhart, also survives him.

The decedent was a son of Samuel L. Barnhart, deceased. The

latter, at the time of his death, left a last will and testament which was duly admitted to probate within the State of New York. Among other things said will provides as follows: " In case my son, Samuel D. Barnhart shall survive me, but not otherwise I give and bequeath to the persons who are hereinafter named as executors of this my will and the survivor of them as Trustees the sum of Twenty Thousand Dollars ($20,000.00) to be had and holden during the life of my said son, Samuel D. Barnhart upon the trusts following, that is to say: to hold, invest, reinvest and keep invested the same and collect and receive the income thereof and after paying from such income the taxes and other disbursements and charges incident to such trust and trust estate properly chargeable against the income, to apply the residue thereof, or net income of such trust estate to the use of my son Samuel D. Barnhart during his life such application to be made to his personal and beneficial use, and such application to be when and as such income, after it shall have accrued, shall be on hand for application and not by way of anticipation, and no disposition, charge or incumbrance of such income or any part thereof by my said son by way of anticipation shall be of any validity or legal effect nor be in any wise regarded by the Trustees, nor shall such income or any part thereof be in any wise liable to any claim of any creditor of my said son, and upon the termination of such trust by the death of my said son, Samuel D. Barnhart, to pay, transfer and deliver over the capital of such trust estate as the same shall then be to such person or persons for such estate and in such manner as my said son Samuel D. Barnhart by his last Will and Testament, or an instrument in nature of such will shall have directed or appointed and in default of such direction or appointment, or in so far as the same, if made, shall not extend or be effectual to the issue of my son Samuel D. Barnhart him surviving if any there shall be, in equal proportions *per stirpes* and not *per capita*, and if there be no such surviving of my said son, then to such persons as according to the then existing laws of the State of New York would have been entitled to take the same in distribution as my next of kin if I had died intestate owning the same as personalty at the time of such death of my said son Samuel D. Barnhart, and in such shares and proportions as they would have been so entitled to take the same. And I hereby give and bequeath and dispose of the capital of said trust estate upon the termination of the trust by the death of my son Samuel D. Barnhart in accordance with the foregoing provisions for the disposal thereof by the Trustees upon that event. In case my son, Samuel D. Barnhart, shall die in my lifetime, whether he shall leave issue him surviving or not, this

Sixth article of my Will shall for that cause be deemed to be, and shall be, superseded and revoked, and shall be wholly inoperative, and the amount of Twenty Thousand ($20,000.00) intended to have been thereby disposed of shall sink into and form part of my residuary estate; and I expressly will and declare that notwithstanding the rule of law which ordinarily prevents the lapse of devises or bequeaths to a child or descendant who dies in a testator's life time leaving issue surviving him, no issue of my son Samuel D. Barnhart in case he shall die in my lifetime, shall be entitled under or in virtue of, or because of, the provisions of this Sixth article of my Will to the Twenty Thousand Dollars ($20,000.00) purporting to be thereby disposed of, or any part thereof."

It appears that decedent was born at or near Massena in the State of New York. His mother died when he was about six weeks old and a sister of decedent's mother, who resided near Cornwall, Ont., took him into her home. With the exception of the said six weeks and a further period of two years before he reached the age of twenty years, decedent resided in Canada, but never surrendered his citizenship in the United States.

On the 18th day of April, 1919, his first wife died, leaving her surviving four children, to wit, Francis, Kathyren, Clifford and Paul. On the 26th day of May, 1919, he married Lila Elizabeth Smith at the city of Buffalo, N. Y. At the time of his second marriage he was residing at Niagara Falls, Ont. Three children were born of his second marriage, to wit, Samuel, Jack and Aubrey.

On May 27, 1919, the day following his second marriage, he executed a last will and testament at the city of Niagara Falls, N. Y. He stated at the time of the execution of the will that the property which he wished to will was an American estate left to him by his father, Samuel L. Barnhart, and that he wanted it handled according to the laws of the State of New York.

· The will of Samuel Dixson Barnhart contained the following paragraph with reference to the trust fund, to wit: " Having in mind the bequest made in trust for me by my father, Samuel L. Barnhart, late of Barnhart's Island, in the Town of Massena, County of St. Lawrence, State of New York, in the sixth paragraph of his last will and testament which was probated in the said County of St. Lawrence, State of New York, and by virtue of the right which I have by the terms of the said paragraph of the said will upon the termination of such trust, by my death to dispose of the capital of the said trust estate, to wit: Twenty Thousand ($20,000.00) Dollars, by my last will and testament to such person or persons for such estate and in such manner as by my said last will and testament I shall direct."

Following the above paragraph, he directed the disposition of his estate after the payment of his funeral expenses and debts. He bequeathed $2,000 to each of the children of his first marriage and gave the rest and residue of his property and estate and wheresoever situate to his wife, Lila Elizabeth Barnhart, absolutely and forever.

The said will has been offered for probate in the Surrogate's Court in Niagara county and a construction is also asked with reference to the disposition of the funds of said decedent, especially the $20,000 trust fund mentioned in the will of decedent's father, Samuel L. Barnhart.

The special guardian for the three infants of the second marriage contends that said infants should share in said estate as though no will had been made, for the reason that they were born after the execution of said will. He refers to section 26 of the Decedent Estate Law for his authority.

He also contends that the laws of the State of New York govern the descent and distribution of the trust fund, notwithstanding the fact that the domicile of decedent was at Niagara Falls, Ont., at the time of his death. He contends that the exercise of the power of appointment conferred by a will is governed by the laws of the State of the domicile of the donor of the power and the situs of the property. He cites as his authority *Matter of New York Life Insurance & Trust Company* (139 N. Y. Supp. 695; affd., 157 App. Div. 916; affd., 209 N. Y. 585). I agree with him in his position in that respect.

However, the following question presents itself: Did decedent have any estate, real or personal, that could descend to an after-born child? Section 26 of the Decedent Estate Law provides as follows: " Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."

Did decedent have any estate in said $20,000 trust fund or did he simply have a power of appointment given to him in the will of Samuel L. Barnhart? If decedent had a legal estate therein, there might be something in the contention of the special guardian for the infants of the second marriage. If no legal

estate or property interest in the corpus of the estate was created, but simply a power of appointment to be absolutely exercised in the discretion of the testator, then the contention of said special guardian must fall.

Under the will of Samuel L. Barnhart, the $20,000 was given to the trustees to be had and holden during the life of decedent and to apply the net income of such trust estate to the use of decedent during his life. Decedent had the right of disposal of the principal of said trust fund by his last will and testament or an instrument in the nature of a will. At no time was an estate created in decedent nor was any of said fund liable for the payment of his debts. The title passed from decedent's father to his trustees and from them to decedent's appointees by virtue of the former's will. The title never vested in decedent or passed through him. (*Hirsch v. Bucki*, 162 App. Div. 659, and cases cited.)

The Massachusetts rule is found in *Sewall v. Wilmer* (132 Mass. 131) and is as follows: " The property of which Mrs. Wilmer has a power of appointment is not her property, but the property of her father; and the instrument executed by her takes effect not as a disposition of her own property, but as the appointment of property of her father under the power conferred upon her by his will."

The Court of Appeals of this State have adopted said rule (*Matter of New York Life Insurance & Trust Company*, 209 N. Y. 585, affg. 139 N. Y. Supp. 695).

The will of Samuel Dixson Barnhart is, therefore, admitted to probate and the trust fund distributed according to the terms thereof. There being no estate in said trust fund in decedent at the time of his death, the children of the second marriage do not inherit any part of said trust fund as after-born children.