In the Matter of the Estate of JOSEPH P. WICKHAM, Deceased.

Surrogate's Court, Kings County, April 1, 1931.

*Wingate & Cullen,* for the petitioner.

*Ellery E. Albee,* for Perry Bruce Coxe, a party in interest.

*Joseph A. Kennedy,* special guardian for Perry Bruce Coxe, Jr., and others, infants.

WINGATE, S.   The 3d item of the will of Joseph P. Wickham, which was admitted to probate in this court on April 13, 1883, erected a trust in $20,000 for Julia H. Wickham Evans for life, the direction continuing: " And upon her death to pay the principal of such share to and among such person or persons, as such daughter shall by her last will and testament designate, limit and appoint, and in default of such appointment, then to and among the next of kin of such daughter in equal shares and proportions."

The life tenant died on October 12, 1929, leaving a will which was admitted to probate by the surrogate of New York county on November 22, 1929.   By this instrument, which did not expressly purport to exercise the power of appointment, she gave general legacies aggregating $4,500, directing that the residue of her estate be held in trust.

The terms of this trust were as follows:

" (a) To pay to my son Perry Bruce Coxe, to my son Belton Wickham Evans, to my daughter Brenda Taylor Day and to my step-daughter Beryl Evans Gray, each, one-fourth of the net income of said trust estate to be paid annually; and it is my recommendation that the share of each be used for the education, support and well being of his or her children, if any he or she has.   When the youngest of my grandchildren shall have reached majority all payments herein required to be made of said net income to such son or daughter shall cease.   When Mason W. Gray reaches his majority the payment of said net income to his mother, Beryl Evans Gray, shall cease and be made to him.

" (b) To transfer, convey and set over when the youngest of my grandchildren shall have reached majority one-quarter of said trust estate to the children of Perry Bruce Coxe, share and share alike, one-quarter of said trust estate to the children of Belton Wickham Evans, share and share alike, one-quarter of said trust estate to the children of Brenda Taylor Day, share and share alike, and one-quarter of said trust estate to Mason W. Gray, provided however, that if at the time my youngest surviving grandchild reaches his majority there shall be no surviving grandchild the son or daughter of Perry Bruce Coxe, Belton Wickham Evans or Brenda Taylor Day, or if Mason W. Gray should be dead the share which would otherwise have gone to such grandchild or

grandchildren, or to Mason W. Gray, if living, shall be conveyed to my then surviving grandchildren, share and share alike."

The effect of this direction is to suspend the vesting in possession of three-quarters of the income until the youngest grandchild, a child of such sons or daughter, reaches majority, and then to divide it among the children of such sons and daughter *per stirpes*, with cross remainders to the children of the others in case any son or daughter is childless when the time for such distribution arrives. The fourth quarter is payable to testatrix's stepdaughter, until Mason W. Gray attains his majority, and is then payable to him until the youngest grandchild attains majority, with remainder to him if living, or if not living, to the surviving grandchildren.

It is obvious that these several remainders are purely contingent so far as concerns the first three-quarters of the trust, and contingently vested as to the last, wherefore no acceleration may take place in the event that the trust is invalid. (*Matter of Terwilligar*, 135 Misc. 170, 184, and cases cited pp. 178–183; affd. on the opinion of the surrogate, 230 App. Div. 763; leave to appeal to the Court of Appeals denied by the Appellate Division, Id. 846, and by the Court of Appeals, N. Y. L J. Nov. 26, 1930, p. 1050; *Matter of Gurlitz*, 134 Misc. 160; *Matter of Ackerman*, 137 id. 910, 914, 915.)

The fact that Mrs. Evans did not expressly purport to exercise the power of appointment granted her in her father's will does not prevent her testamentary directions from producing this effect. (*Matter of Mann*, 138 Misc. 42, 45, 46, and cases cited.)

On primary principles, the will exercising the power must be read into that granting it for the purpose of determining the proper interpretation and effect of the disposition as an entirety. (*Matter of Terwilligar, supra*, 174; *Matter of Mann, supra*, 46; *Matter of Rossiter*, 134 Misc. 837; affd., 229 App. Div. 730; affd., 254 N. Y. 583.)

When this is done, it is found that the absolute vesting of the remainders in possession is limited upon a minority, *i. e.*, a portion of a life, of a person not in being at the time of the death of the original testator. This is an infringement of the provisions of section 11 of the Personal Property Law. (*Matter of Davison*, 134 Misc. 769, 771; affd. on the opinion of the surrogate, 230 App. Div. 868; *Matter of Terwilligar, supra*, 175.)

To the extent, therefore, that the assets derived from the estate of Joseph P. Wickham must be employed in constituting the trusts, the appointment in Mrs. Evans' will constitutes an illegal direction, with like effect as if no disposition had been made of them. (*Matter of Terwilligar, supra*, 170.) In consequence, such invalidly disposed portion must pass to Mrs. Evans' next of kin as determined

by the law in force at her death, pursuant to the alternate direction of Mr. Wickham's will. (*Matter of Ackerman,* 137 Misc. 910; *Matter of Harned,* 138 id. 546.)

This does not, however, apply to the entire $20,000 corpus of the trust. Mrs. Evans' will has made valid outright gifts of $4,500 to the general legatees under items 2d to 6th of her will, inclusive, and the assets of the two estates will be so marshalled as to pay these legacies from the property over which she had the power of appointment, the balance going to her next of kin under the underlying will. (*Matter of Terwilligar, supra,* 185, and cases cited.)

Proceed accordingly.