In the Matter of the Estate of JOZEF KLYSZEWSKI, Deceased.

Surrogate's Court, Kings County, April 30, 1931.

*Blum & Jolles*, for the petitioner.

WINGATE, S. This proceeding arises upon a petition by a consuler attache, designated by the Polish Consul, for the granting to him of letters of ancillary administration upon the estate of Jozef Klyszewski, who died a resident of Poland in 1927, and who had never been in this country. The sole property of the decedent in this country consists of certain funds in the estate of a predeceased son, Antoni Klyszewski, amounting to $2,939.50, being the proceeds of a policy of war risk insurance upon the life of such son.

It has been proved to the satisfaction of this court that according to the laws of Poland the property of the intestate father passes directly to his next of kin without the interposition of any administrative procedure, and that the next of kin of this decedent at the time of his death were his widow and three children.

Section 160 of the Surrogate's Court Act, under which this application is made, so far as here material, provides: " Upon application by the party entitled as hereinafter provided, or by his duly authorized attorney-in-fact made as prescribed in this article, to a Surrogate's Court having jurisdiction of the estate, * * * in cases where the decedent, at the time of his death, resided without the United States, upon the presentation to such Surrogate's Court of satisfactory proof that the party so applying either personally or by such attorney-in-fact, is entitled to the possession in the foreign country of the personal estate of such decedent, the Surrogate's Court to which * * * such proof, is so presented, must issue ancillary letters of administration

in accordance with such application, except in the following cases, * * *

" 2. Where original letters of administration, upon the estate, have been previously issued to a person entitled to the same, who is legally competent to act, or the application therefor has not been finally disposed of."

Under date of April 27, 1929, a power of attorney was executed by or on behalf of the four next of kin of Jozef Klyszewski running to the Consul General of the Republic of Poland in New York, authorizing him or his substitute to take all needful actions in connection with the collection of their interests in the estate of Antoni Klyszewski, the soldier son of the deceased. This instrument purports to give broad and general powers.

Although the originally named beneficiary in the war risk insurance policy of the son is not expressly disclosed by the moving papers, it would appear that he was probably the father. If such was the fact, the manner of payment of the policy was that from the time of the death of the soldier, Antoni, up to the date of the death of the father, the face of the policy was payable in installments to the father, but upon the latter's death, all unpaid installments became the property of the estate of the son and thus passed into the hands of the public administrator as the representative of the son's estate. (*Matter of Storum*, 220 App. Div. 472, 475.) It has not been made to appear by the moving papers whether the son was a citizen of the State of New York when his death occurred, but it is alleged in the petition for administration of the son's estate on file in this court that he was domiciled in Kings county at the time of his death. It, therefore, follows that our Statute of Distribution as existing at the time of his death governs the devolution of his personal property (*Parsons* v. *Lyman*, 20 N. Y. 103, 112; *Matter of Majot*, 199 id. 29, 33.)

The law in effect at the death of the son was section 84 of the Decedent Estate Law (as amd. by Laws of 1922, chap. 393), which then provided that in a case like the present the entire estate should pass to the father, if living. He was then living, wherefore, he, or his estate, became absolutely entitled to all. By a certificate dated October 25, 1930, issued by a Polish court, it is stated that at the time of the father's death the next of kin of both the soldier and his father, under Polish law, were the " widow " and the three brothers, but, as stated, Polish law is immaterial on the question of the identity of the distributees of the son, since our law is controlling in this respect and provided that the father alone was entitled to inherit.

It is, therefore, obvious that the mother and the three brothers

have not now and never did have any direct rights in the estate of the soldier. Such rights as they possess are merely derivitive; as a result of their relationship to the sole distributee of the estate, namely, the father. It is possible, in view of the laws of Poland which have been demonstrated on this application, that the mother and sisters, as the sole distributees of the father at the time of his death, might have had a right to direct distribution under Polish law in the estate of the son (*Matter of Woodruff*, 135 Misc. 203, 208), but such is not the application presently before the court. This petition is merely for ancillary administration on the estate of the father under section 160 of the Surrogate's Court Act.

The power of attorney upon which the present application is based is fatally defective for this purpose. The authority conferred on the Polish Consul by the widow and three children of the deceased father merely authorizes him to take the specified actions respecting the estate of the soldier son. It does not confer any powers upon him in relation to the estate of the father, who died in 1927. The substitutionary power of attorney from the consul to the present applicant, however, is drawn on the apparent supposition that the underlying power of attorney authorizes the Consul General to act in respect of the estate of the father, which theory is not sustained by the document granting him the only power which he possesses in this connection.

A further difficulty in respect to the power of attorney arises from the fact that, whereas it is executed individually by the widow and by two of the sons who appear to be adults, it is also executed by the widow " in the name of her minor son, Bronislaw Klyszewski, on the strength of the family council."

All foreign law must be proved as a fact (*Hull* v. *Mitcheson*, 64 N. Y. 639, 640; *Phœnix Insurance Co.* v. *Church*, 81 id. 218, 226; *Matter of Smith*, 136 Misc. 863, 878, and cases cited), and in the absence of such proof it will be presumed to be the same as our own. (*Ellis* v. *Kelsey*, 118 Misc. 763, 766, 768; affd., 208 App. Div. 774; affd., so far as this point is concerned, 241 N. Y. 374, 379; *Hynes* v. *McDermott*, 82 id. 41, 48; *McCulloch* v. *Norwood*, 58 id. 562, 567.) Here, at common law, a natural guardian as such has no right over the property of the child (*Hyde* v. *Stone*, 7 Wend. 354, 356) and cannot grant a power of attorney on behalf of an infant. Wherefore, on any showing made in the petition or facts adduced before the court, the power of attorney submitted is void as respects Bronislaw Klyszewski, even so far as it purports to authorize the Consul General to act in the estate of Antoni Klyszewski, and *a fortiori* is also void respecting the estate of the father for this additional reason.

Section 160 of the Surrogate's Court Act authorizes the grant of ancillary letters in this connection only upon proof that the person applying individually or by attorney is entitled to the entire estate. In the present circumstances, even were the power of attorney given in the estate of Joseph Klyszewski, which it is not, it is apparent that it confers powers only in respect to three-quarters of the estate, which does not comply with the terms of the statute.

It follows, therefore, that the application for ancillary letters was not made upon the " satisfactory proof " which section 160 requires, and that the instant application must be denied.