In the Matter of the Estate of MABEL D. MARSLAND, Deceased.

Surrogate's Court, Kings County, December 17, 1931.

*Cullen & Dykman* and *Ralph W. Crolley,* for the petitioner.

*Timothy Davenport,* for the ancillary administrator with the will annexed of Harriet Marsland Brugger.

*E. Ivan Rubenstein,* special guardian.

*Ira H. Brainerd,* for Louis Alfred Brugger.

WINGATE, S. The question here presented for determination concerns the proper devolution of the remainder of a trust created by the codicil of Mabel D. Marsland, who died on October 8, 1922, a resident of Brooklyn. This instrument, together with her will, was admitted to probate in this court on December 5, 1922, and directed the erection of a trust for her daughter Harriet Marsland, with income payable to the latter for life and remainder to be paid outright to such persons as she might by will appoint.

At the time of her death, on February 16, 1931, Harriet was married to a citizen of the Republic of Switzerland and was legally domiciled there. On July 9, 1931, a will executed by her on September 3, 1927, was duly admitted to probate by the Swiss court having jurisdiction. This document was unwitnessed and by its terms left " my entire fortune " to Harriet's *fiancé,* to whom she was subsequently married. The ultimate question for determination is whether this legatee is entitled to the remainder of the trust erected by Mabel D. Marsland.

Obviously, had Harriet been domiciled in this country and had the validity of her will been determinable by our laws, it could not have been admitted to probate by reason of its failure to comply with the provisions of section 21 of the Decedent Estate Law.

Section 22-a of this law (added by Laws of 1919, chap. 294), however, directs that " A will executed without this state in the mode prescribed by the law, either of the place where executed or of the testator's domicile, shall be deemed to be legally executed, and shall be of the same force and effect as if executed in the mode prescribed by the laws of this state, provided, such will is in writing and subscribed by the testator." Since, therefore, Harriet was at the time of the execution of the will legally domiciled in Switzerland, its laws would govern in this respect, and the admission to probate thereof by the Swiss courts conclusively demonstrates the validity of the document according to their laws. The document, being in writing and subscribed by the testator, meets the only additional requirement, the observance of which is enjoined by section 22-a. It follows, therefore, that the document is here valid for all purposes,

and such was the determination of this court upon an application for the granting of administration thereon, on September 22, 1931.

Having determined, therefore, that the will of the donee of the power of appointment is a valid testamentary act according to our laws, it follows that in deciding the method of devolution of the remainder of the trust under Mabel Marsland's will, the testamentary direction of the donee of the power must be read into the will of the donor. (*Matter of Terwilligar*, 135 Misc. 170, 174; unanimously affd. on the opinion of this court, 230 App. Div. 763; *Matter of Wickham*, 139 Misc. 729; *Matter of Mann*, 138 id. 42, 46; *Matter of Davison*, 137 id. 852, 858.)

The next question for determination is the proper construction to be adopted in respect to Harriet's will and the law applicable to this process. The parties to the proceeding have indicated their belief that under the laws of Switzerland a married woman leaving children, as Harriet did, cannot validly bequeath more than an aliquot part of her estate to her husband. However the fact may be, no proof has been adduced in substantiation of this belief, and it is fundamental that the existence of a particular foreign law must be proved as a fact in the same manner as is required respecting any other fact. (*Matter of Smith*, 136 Misc. 863, 877, 878, and cases cited.)

In the absence of a demonstration that the foreign law differs from our own, it will be presumed that it is the same. (*Matter of Klyszewski*, 140 Misc. 241, 244; *Matter of Mosly*, 138 id. 847, 850; *Matter of Smith*, 136 id. 863, 878.)

An identical result in this connection would, however, be attained even if a showing had been made that the Swiss law varied from our own, since in final analysis the instrument construed is not the foreign will but the will of the resident testatrix into which the foreign will is incorporated. Not only is this obvious on theory, but it has been determined by controlling authority.

In *Matter of New York Life Insurance & Trust Co.* (209 N. Y. 585) the court, in affirming the elaborate opinion of the late Surrogate FOWLER, said (at p. 586): "We regard his reasoning as sound, but prefer to put our decision squarely on the ground that the construction and effect of the will of Madame Franchetti, in so far as it involved an exercise of the power of appointment conferred by the will of her father, is governed by the law of this State, the domicile of the donor of the power, and the situs of the property."

Similar results upon like reasoning have been attained in *Matter of Barnhart* (137 Misc. 518, 521); *Matter of Harriman* (124 id. 320, 323, 325). (See, also, *Matter of Canda*, 197 App. Div. 597, 602 *et seq.*)

Applying, therefore, our own rules of construction, it is obvious that although the power of appointment granted to her was not expressly exercised by Harriet's will, it must be determined that it was executed by implication. (Pers. Prop. Law, § 13; Real Prop. Law, § 175; *Lockwood* v. *Mildeberger*, 159 N. Y. 181, 186; *Matter of Wickham*, 139 Misc. 729, 731; *Matter of Mann*, 138 id. 42, 45.)

It follows, therefore, that Harriet has validly executed the power of appointment given her by her mother's will, and that her husband and appointee, Louis Alfred Brugger, is entitled to receive from the trustee the remainder of the trust erected by the first item of the codicil of the will of Mabel D. Marsland.

Proceed accordingly.