## In the Matter of the Estate of RENE DUMAREST, Deceased.

Surrogate's Court, Kings County, February 9, 1933.

*John F. Middlemiss,* for Rose G. Dumarest.

*Joseph M. O'Shea,* referee.

*Walsh & Hennessy,* for the petitioner.

*Francis J. Sullivan.*

*Cyrus S. Jullien,* special guardian.

*John Patrick Walsh,* in person, executor of estate of Rene Dumarest.

*Michael Diemert,* executor of the estate of Albert Dumarest.

WINGATE, S. This is an application for a confirmation of the report of the referee appointed to take proof respecting the claim of the divorced wife of this decedent to certain rights in property alleged to belong to the decedent in the Republic of Ecuador. The referee has conducted a number of hearings and has submitted a comprehensive and painstaking report finding against the alleged rights of the claimant. The subject was one of some difficulty since it involved the examination of the law of this South American republic, due to the fact that the marriage was solemnized there, although decedent was an American citizen not only domiciled in this country at the time of his death, but apparently also so domiciled when the marriage occurred and at all intervening periods.

Certain evidence respecting the law of Ecuador on the subject of community property was introduced by the contestant. The burden of course rested upon her in this regard of a demonstration, as a question of fact, of the pertinent laws of this foreign country. (*Matter of Marsland*, 142 Misc. 230, 232; *Matter of Smith*, 136 id. 863, 877, 878, and cases cited.)

Without extended notice of the objections interposed by the contestant to the confirmation of the report, it will be sufficient to observe that the only property claimed to be subject to the alleged rights of the contestant belonged to a partnership, created in this State, of which the decedent was a member. Contestant's expert testified that any properties located in Ecuador which belonged " to a special commercial partnership * * * are ruled by the Commercial Code " and not by the laws relating to community property upon which the alleged rights of the contestant were predicated. No evidence was introduced as to the nature or provisions of the Ecuadorean Commercial Code, wherefore the presumption becomes applicable that in matters of partnership property the law governing the rights of the parties corresponds to that here in force. (*Matter of Smith*, 136 Misc. 863, 878; *Matter of Mosley*, 138 id. 847, 850; *Matter of Klyszewski*, 140 id. 241, 244; *Matter of Gellis*, 141 id. 432, 436; *Matter of Marsland*, 142 id. 230, 232; *Matter of Callahan*, Id. 28, 34; affd., 236 App. Div. 814.) Under our law a partner has no personal right in any specific property of a partnership of which he is a member (Partnership Law, § 51, subd. 2 [a]; *Costello* v. *Costello*, 209 N. Y. 253, 259), and such property is not subject to any conjugal rights. (Partnership Law, § 51, subd. 2 [e].) Any real estate which it owns is considered personalty (*Buckley* v. *Doig*, 188 N. Y. 238, 254), and, in essence, the only presently pertinent property which the partner possesses is a claim for an accounting. This is a mere chose

in action which will follow the domicile of the owner and be governed by its laws. (*Guillander* v. *Howell*, 35 N. Y. 657, 661.)

It follows, therefore, that the conclusion of the referee is correct — that the contestant has failed to demonstrate that any property in the hands of the executor was subject to an Ecuadorean sociedad conjugal, and his report will be confirmed.

Proceed accordingly.