In the Matter of the Estate of ADOLPH G. KRAETZER, Sometimes Known as ADOLPH G. KRAETZER, JR., Deceased.

Surrogate's Court, Kings County, May 10, 1933.

*Wilfred H. Gillon,* for the petitioner.

*Miles McDonald,* special guardian.

WINGATE, S.  Since it is firmly established in the law that a document purporting to exercise a power of appointment is to be read into and construed with the document granting the power (*Matter of Terwilligar,* 135 Misc. 170, 174; affd., 230 App. Div. 763; *Matter of Davison,* 137 Misc. 852, 858; affd., 236 App. Div. 684; *Matter of Wickham,* 139 Misc. 729, 731; *Matter of Harbeck,* 142 id. 57, 59), it follows that the devolution of the property in the *inter vivos* trust is determinable by a construction of that document into which must be read the pertinent testamentary directions of the donee of the power.  Since any compromise in respect to this agreement involves an interpretation of the *inter vivos* trust, which act is not within the jurisdiction of this court (*Matter of Rosenblum,* 146 Misc. 537, 538), it follows that this court has no authority to pass upon this phase of the question submitted.  (*Matter of McCafferty,* 147 Misc. 179.)

The compromise of the testamentary controversy is, however, within the authority of the court (Dec. Est. Law, § 19), and it is in accord with the able and painstaking report of the special guardian that approval thereof is advisable.  He will, therefore, be permitted to execute a similar instrument to the one submitted, which instrument shall deal only with the testamentary trust created under the will of the above-named decedent.