John D. Bennett, S.
Motion by temporary administrators
in this probate contest to obtain authority for the following proposed actions:
“ (a) Sign checks together with one Ferdinand Castagna on the partnership account of said Ferdinand Castagna and the decedent in the Marine Midland Trust Co. in Jamaica, New York as follows: (1) To the Order of Ferdinand Castagna in. the sum of $660.00 for interest on Mortgage. (2) To the order of the decedent’s Estate in the sum of $7,000.00. (3) To the
order of Ferdinand Castagna in the sum of $7,000.00.
“ (b) To sign a deed or deeds, together with one Thomas M„ Gibbs to the property described in the petition herein.
“(c) To pay to Beva M. Sage for funeral and administration, expenses advanced by her in the sum of $2685.95.
“(d) To pay to Charles F. Koerner, Court Stenographer the sum of $60.00.
“(e) To pay to Harry Blum the sum of $387.50 for the premium on the bond of the temporary administrator.”
It appears from the moving papers that the decedent, in partnership with a Ferdinand Castagna, leased certain real property which they owned in common and together maintained a partnership checking account presently containing a balance *716 of $15,767.05. Permission is sought to pay Ferdinand Castagna $660 for interest on the mortgage covering these premises from the partnership checking account, and to apparently divide the balance thereof between the decedent and the surviving partner.
Although this court can grant permission for a temporary administrator to pay debts (Surrogate’s Ct. Act, § 129), it has no jurisdiction under the circumstances here present to order the payment of partnership debts from partnership assets, nor in effect to settle an accounting between partners (Matter of Kalik, 178 Misc. 607).
The request for permission to join with Thomas M. Gibbs in the sale of real property, apparently also an asset of an oral partnership between the decedent and Mr. Gibbs, must also be denied. Partnership realty is considered personalty with regard to a partner’s rights therein (Matter of Dumarest, 146 Misc. 442), and a surviving partner is vested with the legal ownership of partnership property. The deceased partner’s representative has no legal interest in the asset other than the right to an accounting (Partnership Law, § 51; Matter of Lichtblau, 146 Misc. 278).
Consequently, since the decedent has only an equitable interest in the real property and no legal title as such, the requested permission cannot be granted by this court and is accordingly denied. Permission is granted to pay the respective debts set forth in (c), (d) and (e) since it appears to the satisfaction of the court, in accordance with section 129 of the Surrogate’s Court Act, that the assets of this estate exceed the debts.
If the petitioner desires to execute any assignment, deed, check or other instrument to a surviving partner for the purpose of conforming the record title to partnership property with the legal ownership vested in such surviving partner by statute, this court will entertain such an application provided the bond of the temporary administrator is sufficient to cover the value of the property so transferred as well as the remaining property. On such an application this court will not adjudicate the validity of the partnership, the respective rights of the partners, nor the propriety of the transactions set forth in the motion papers herein. All such issues will be reserved for future proceedings either in this or other courts.